## SHARROCK *et al.* v. PRYOR.

No. 2349.   Opinion Filed November 26, 1912.

(128 Pac. 243.)

1.   **ANIMALS — Trespassing Animals — Damages — Lien on Stock.**
Where a trespassing animal is distrained for damages, and the owner of such stock brings an action in replevin for such stock, and the defendant files a cross-action for the damage sustained, and damages are awarded him, then, under section 190, Comp. Laws 1909, he has a lien on such stock for such damages.

2.   **SAME—Hog-Proof Fence—Questions for Jury:** Under sections 193, 194, and 195, Comp. Laws 1909 (Acts of 1907-08, c. 4, art. 2), swine, sheep, and goats may be permitted to run at large.

Section 188, Comp. Laws 1909, which defines a lawful fence, was put in force when swine, sheep, and goats were not permitted to run at large, and does not define a hog-proof fence, nor does the Act of 1907-08 define such fence; therefore, in an action for damages done by a trespassing hog in a district where hogs are permitted, by law, to run at large, the right to recover depends on whether the fence through which the hog broke was proof against all except breachy hogs, and whether the hog was more than ordinarily breachy. And these being questions of fact to be determined by the jury, where there is an issue and conflicting testimony as to the existence of such facts, it is error for the court to refuse to submit them.

(Syllabus by Harrison, C.)

*Error from Pontotoc County Court;*
*Conway O. Barton, Judge.*

Action by J. A. Pryor against Walter Sharrock and others in a justice's court. Verdict for defendants, and plaintiff appeals, and from a judgment for plaintiff, defendants bring error. Reversed.

*Stone & Maxey,* for plaintiffs in error.

*J. P. Crawford* and *Crawford & Bolen,* for defendant in error.

Opinion by HARRISON, C. This action was originally filed August 8, 1910, in the justice court of Pontotoc county by J. A. Pryor against Walter Sharrock and others for possession of a hog valued at $10, and alleged to have been unlawfully distrained

by said Sharrock. Defendants answered by general denial, and by cross-plea alleged that the hog in question was breachy, had broken through a lawful fence and destroyed defendants' crop to the amount of $50, for which amount defendants asked judgment. The case was tried to a jury in the justice court, resulting in a verdict in favor of defendants in the sum of $50. Plaintiff appealed to the county court, where the cause was retried. A peremptory instruction in favor of plaintiff was given by the court, pursuant to which instruction the jury returned a verdict in favor of plaintiff and denied defendants any damages. Judgment being rendered upon this verdict, the defendants appeal. The plaintiff made no other contention, except that the hog was unlawfully distrained, and that he was entitled to possession thereof, and showed that by virtue of an election held in that district hogs were permitted to run at large. Defendants contend that they had a lawful fence, and submitted proof tending to maintain such contention, and that the hog in question was very breachy, and had repeatedly broken through their fence and destroyed corn to the amount of $50.

There could be no question but what, under the law, plaintiff was entitled to the return of his hog. The only question is whether the defendants were entitled to damages for the injury done by the hog. This, of course, depended on whether, under the regulation of that community, hogs were allowed to run at large, and whether, if so, the defendants had a lawful fence. There seems to be no contention but what there was a regulation in force allowing hogs to run at large in that district. Section 195, Comp. Laws 1909, authorizes county commissioners of any county to exempt their county, or any portion thereof, from the herd law provisions, and to provide, by an election for such purpose, for the running at large of swine, sheep, goats, etc.; and it appears from the record that at an election the voters of that district had determined in favor of permitting swine to run at large. This being true, the remaining question is whether defendants were entitled to judgment for the damage done by the hog in question, and this must be determined from the fact whether or not defendants had a lawful fence, or such a fence

as would ordinarily keep hogs out. While our statute (section 188) defines a lawful fence, it does not undertake to define what would ordinarily be a hog-proof fence; and, inasmuch as the statutes do not define what would constitute a lawful hog-proof fence, then the issue before the court was whether, as a matter of fact, defendants' fence was such a one as would keep out ordinary hogs, and whether or not the plaintiff's hog was unusually breachy. If the defendants had such a fence as was proof against the breach of ordinary hogs, and, notwithstanding this fact, the plaintiff's hogs were so breachy that they would break through and get into defendants' crops, we think defendants would certainly be entitled to recover for the damages done. These were questions of fact which should have been submitted to the jury, and the court erred in refusing to submit such questions to the jury, and erred in directing a verdict.

Defendants had not pursued their right to damages under sections 168, 169, Comp. Laws 1909, but sought recovery in an action at law for the damages sustained, and, as their right of recovery depended upon the fact whether they had a hog-proof fence, and whether the plaintiff's hog, or the hog in question, was breachy, and having offered testimony in support of these facts, they had the right to have them submitted to the jury for determination; and if the jury found these facts in their favor, and upon such finding gave them a verdict for damages done by the hog, then, under section 190, Comp. Laws 1909, defendants had a lien on such hog for such damages.

We think, therefore, from the record before us that the court erred in taking these questions from the jury and directing a verdict in favor of plaintiff.

The judgment should be reversed.

By the Court: It is so ordered.