## McDONALD v. RAMZY.

No. 16544—Opinion Filed April 20, 1926.

### Animals—Distraint for Trespass—Recovery for Damages for Previous Trespass.

In an action involving damages to growing crops caused by stock trespassing upon same it is permissible to allege and prove trespasses committed by stock belonging to the owner of the stock distrained at times other than the time on which the stock was distrained.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Wagoner County; O. H. Searcy, Judge.

Action by C. C. McDonald against J. W. Ramzy. Judgment for defendant, and plaintiff brings error. Affirmed.

E. L. Kirby and T. M. Markley, for plaintiff in error.

P. E. Reed, for defendant in error.

Opinion by JONES, C.   This appeal is from a judgment of the district court of Wagoner county, Okla., wherein the appellee, J. W. Ramzy, procured a judgment against the appellant, C. C. McDonald, for the possession of nine head of cattle, or damages in the sum of $100 in the event possession of the cattle was not obtained. This litigation grows out of an action on the part of the appellee, Ramzy, in distraining nine head of cattle belonging to the appellant, McDonald, found trespassing upon Ramzy's premises and upon his crop of cotton on the 3rd day of November, 1923. Distraint proceedings were commenced as provided by law, and the cattle had been taken in charge by the defendant, Ramzy, and on the same day the plaintiff, McDonald, instituted the replevin action, and replevined same as the owner thereof. Thereafter the defendant, Ramzy, filed his answer setting up the fact that he had distrained the cattle because they were trespassing upon his crop, and further answering by cross-petition averred that he had been damaged by reason of the trespassing of the cattle in the sum of $200, and upon the issues thus joined the cause was submitted to the court and jury, and an alternative judgment rendered for the possession of the cattle, or damages in the sum of $100.

The only assignment of error urged in this court by appellant is that:

"Said court erred in admitting incompetent, irrelevant, and immaterial testimony, and evidence into the record over the objections and exceptions of the plaintiff."

This objection was directed at certain evidence offered on the part of the defendant in support of his cross-petition for damages, tending to show that the cattle of the plaintiff, McDonald, had trespassed upon the defendant's crop the day before the nine head of cattle here in controversy were distrained by the defendant, Ramzy. Appellant takes the position that each and ev-

ery trespass is a separate and distinct cause—

"that the only claim or lien defendant can assert is the damages for the trespass committed at the time the cattle in controversy were taken up."

We cannot agree with this contention. The procedure here followed has been upheld by this court in the case of Sharrock et al. v. Pryor, 36 Okla. 305, 128 Pac. 243, wherein the following rule was announced in the first paragraph of the syllabus of the opinion:

"Where a trespassing animal is distrainer for damages, and the owner of such stock bring an action in replevin for such stock, and the defendant files a cross-action for the damages sustained and damages are awarded him, then, under section 190, C. S. 1909, he has a lien on such stock for such damages."

From a reading of the Sharrock opinion, we think the facts were very similar to the facts in this case, and evidently the damages sought to be recovered include damages other than that done at the time that the hog was destrained, and we see no good reason, and no authority of law is called to our attention, which prevents a recovery of all damage done by the cattle or animals belonging to the plaintiff in the replevin action, although various trespassses may have been committed by the animals.

There is no question in this case but that all of the cattle trespassing upon the defendant's crop at the different times mentioned belong to the plaintiff, McDonald, and we hold that the court committed no error in admitting evidence of trespasses committed by McDonald's cattle on the day prior to the day on which the cattle were distrained.

Finding no merit in the errors assigned, we hold that the judgment of the court should be, and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See 3 C. J. p. 141 § 432; 1 R. C. L. p. 1140; 4 R. C. L. Supp. p. 73; 5 R. C. L. Supp. p. 61.