## CRANE v. ELLIS.

1. **Evidence:** ORDER OF: PRACTICE. The order of the production of testimony is a matter resting largely in the discretion of the trial court, and its action in permitting the plaintiff to offer testimony not strictly rebutting after the defendant has closed his testimony, will not be disturbed where no abuse of discretion is shown.

2. **Trespass:** CATTLE DAMAGE FEASANT: FENCES. In an action to recover damages caused by defendant's cattle breaking into the plaintiff's inclosure, it is not incumbent on the plaintiff to show that the entire fence inclosing the field entered was a lawful fence, if it be shown that such was the character of it at the point, or on the side where the cattle broke in

*Appeal from Lynn Circuit Court.*

TUESDAY, JUNE 13.

PLAINTIFF alleges that the E. $\frac{1}{2}$, S. W. $\frac{1}{4}$, Section 29, T. 85, Range 5, was inclosed, and that the mules, horses and stock of defendant broke and threw down the fences inclosing said premises, and destroyed a portion of his crops, to his damage in the sum of $200.

Answer in denial, and that plaintiff, at the time said damage was done, as claimed in his said petition, had no fences sufficient to turn stock, and such as are required by law.

Trial by jury; verdict and judgment for plaintiff for $125. Defendant appeals. The further facts appear in the opinion.

*Thompson & Davis* for the appellant.

No appearance for the appellee.

DAY, Ch. J. — I. At the trial of the cause the plaintiff introduced his evidence as to the amount of damage sus-

tained, and rested his case. The defendant then introduced evidence to sustain the issue made in his answer,

**1. EVIDENCE: order of: practice.** and rested. Thereupon the plaintiff offered to introduce testimony sustaining the legality of his fences, which the defendant had controverted. To this evidence the defendant objected, on the ground that plaintiff should have introduced all his evidence in support of the legality of his fences in chief, and not on rebutting, for the first time.

The overruling of this objection is assigned as error. The order of the production of testimony must, of necessity, rest largely in the sound discretion of the court. The provisions of the Revision, section 3046, are as follows: The party on whom rests the burden of proof in the whole action must first produce his evidence. The adverse party must then produce his evidence. The parties then will be confined to rebutting evidence, unless the court, for good reasons, in furtherance of justice, permit them to offer evidence in their original case. Until the plaintiff came to introduce his rebutting testimony, the cause seems to have been tried, upon both sides, upon the theory that the burden of proof was upon the defendant to establish the insufficiency of the fence. The plaintiff does not allege in his petition that the premises were inclosed with a legal fence. No objection is taken to the petition, but the defendant in his answer alleges that the plaintiff, at the time of the alleged damage, had no fences sufficient to turn stock, and such as are required by law. The plaintiff, having proved the amount of his damage, rested. If, in the view of the defendant, it was essential to the plaintiff's right of recovery that he should show that he had a legal fence, the defendant might safely have submitted his case without testimony. With this course he is not content. He introduces testimony tending to establish the allegations of his answer. In this attitude of the case, and under these circumstances, we cannot say that the court

erred in admitting the testimony complained of. We think, rather, that its admission was in the exercise of a sound discretion and in furtherance of justice.

Besides, no good end is to be accomplished by reversing this case and sending it back for a new trial, and for the admission of the same evidence at a different stage of the trial. In this ruling of the court, under the peculiar circumstances of the case, we discover no error to the prejudice of the defendant.

II. The giving of the following instruction is assigned as error, to wit: "If you find from the evidence that

**2. TRESPASS:** defendant's domestic animals broke into plain-
cattle dam- tiff's field and caused damage to his crop, and
age feasant: fences. if you find that, at the place where the said
animals got into the said inclosure, there was a lawful fence, such as will be hereafter described, then the plaintiff is entitled to recover, and you should so find. But if you find that plaintiff's fence, where the said animals broke through, was not such as is required by law, then plaintiff cannot recover, notwithstanding the defendant's animals broke through the same and destroyed or damaged plaintiff's crops; and it is not incumbent on the plaintiff to prove that the whole fence inclosing the one hundred and sixty acres was a legal fence, but it will be sufficient if he establishes that the fence on the east side of the inclosure, where it is alleged the animals got into the same, was a lawful one."

We have not been furnished with the evidence in the case, and cannot tell to what state of facts the foregoing instruction was applied. We can easily conceive of conditions which would render it entirely proper.

If it were shown that the cattle were constantly in the habit of ranging upon the east side, and clearly established that they broke into the inclosure from that side, and over a fence in all respects legal, there seems to be but little reason or justice, and, to our minds, as little law, in deny-

ing the plaintiff relief, from the fact that the fence upon the west or south lacked a few inches of attaining the statutory height. Under the circumstances supposed the most complete fence on the remaining sides of the inclosure would not have prevented the injury, nor would the most indifferent one have enhanced it or contributed thereto.

The case supposed may be the very one established by the testimony. We will not, for the purpose of reversing the cause, presume that the proof established a different state of facts. It devolves upon the appellant to make it appear affirmatively that error was committed to his prejudice. He has not done so.

III. It is next claimed that the court erred in not instructing the jury as to the measure of damages. The instructions given are not contained in the abstract. As we do not know what instructions the court gave, we are not in a condition to say intelligently that others should have been given.

The record discloses no error, and the judgment is

Affirmed.