## W. N. STOVALL, Respondent, v. E. C. EMERSON, Appellant.

### St. Louis Court of Appeals, January 19, 1886.

1. CIRCUIT COURTS—ADJOURNMENT—SESSIONS—JURISDICTION.—Circuit courts can hold sessions only at the times prescribed by statute, and can adjourn to a day certain only by order made of record during term time, or by proclamation by the sheriff at the court house door pursuant to the order of the judge.

2. —— No proclamation of adjournment to a day certain having been made because of the miscarriage of the court's order to the sheriff, the court can not afterwards make an order and ante-date it, so as to create a legal session of the court.

3. APPEALS FROM A JUSTICE.—On appeal from a judgment of the circuit court in a cause originating before a justice, the transcript should embody the justice's transcript and the appeal bond taken by the justice.

4. DAMAGES—FENCES.—One who seeks to recover damages occasioned by the cattle of another person breaking into his inclosure, must show affirmatively that his ground was inclosed by a lawful fence.

5. —— In such an action, proof that the fence at the place where the cattle broke in was of lawful height and strength, is insufficient.

APPEAL from the Laclede County Circuit Court, BEN. V. ALTON, Judge.

*Reversed and remanded with instructions.*

J. P. NIXON, for the appellant: The owner of cattle incurs no responsibility and is not guilty of any fault or negligence towards others by allowing the same to run at large, and the owner of fields with crops can only recover for damages done when he incloses his field with a legal fence. *Gorman v. Railroad,* 26 Mo. 441; *Moore v. White,* 45 Mo. 206.

SMITH & KRAUTHOFF, for the respondent.

ROMBAUER, J., delivered the opinion of the court.

Before considering the merits of this appeal it is essential to consider the *status* of the record before us.

It appears that the defendant's motions for new trial and in arrest of judgment were overruled, and that the appeal was allowed on the ninth day of December, 1884, on which day the court below was not in legal session.

The regular term of the Laclede circuit court began on the twenty-eighth of July, 1884. On that day the court convened, and thereafter adjourned from time to time until October 24, 1884.

On October 24, 1884, the judge of the circuit court was unable to attend. He had written a letter to the sheriff under date of October 13, to adjourn the court to December 9. This letter was not received, in consequence whereof the court stood adjourned until the evening of the third day, October 26, under the provisions of section 1042, of the Revised Statutes.

No proclamation was made by the sheriff at any time, adjourning court to December 9. On the ninth of December the judge attended and caused court to be opened, and caused the following entry to be made upon the minutes:

"FRIDAY MORNING, October 24, 1884.

"Now at this day, the judge of this court being unable to attend at the time to which this court was adjourned, for the reason that the Polk county circuit court is in session, and the judge of the fourteeth judicial circuit by letter ordered the adjournment hereof until Tuesday morning, the ninth day of December, 1884."

This entry seems to have been made on the theory that the court could thus by; a *nunc pro tunc* entry, cure the failure of adjourning to a day certain on the twenty-fourth or twenty-sixth of October. This was error.

Our statute provides, that if a judge can not attend "he may notify the sheriff of the county in which such court should have been held, previous to the first day of such term, and it shall be the duty of the sheriff by proclamation at the court house door, to

adjourn such court to the next regular term, or, to such special or adjourned term as the judge shall direct." Rev. Stat., sect. 1043. Also, "Special or adjourned sessions of any court may be had in pursuance of such proclamation, or in continuation of such regular term, when so ordered by the court in term time, the order being entered in its records." Rev. Stat., sect. 1044. .

It is evident from this that the session of the court held on December 9, was not a legal session. It was not adjourned to that day by proclamation of the sheriff as provided by section 1043, nor by entry in the record at a prior day of the term, as provided by section 1044. As both these sections contemplate public notice of the fact that the court did adjourn to some future day certain, the omission to make the record entry prior to adjournment could be remedied no more by a *nunc pro tunc* record entry on the day on which the court convened, than the omission of the sheriff to make the necessary proclamation could have been remedied by his making a *nunc pro tunc* proclamation at some future day.

It results that the cause will have to be remanded to the court, with directions of vacating all illegal entries made on said day for irregularity.

The amount in controversy being very small, justice to the litigants calls for some further observations on matters presented by the record.

The transcript of the record before us is very imperfect. It appears from the appellant's statement, that the cause was originally tried before a justice of the peace. Whenever a suit originates before a justice of the peace, the transcript of the justice's docket, and the appeal bond, if any, to the circuit court, form necessary parts of the transcript of the record to this court. In the absence of such papers it is in most cases impossible for this court to review the correctness of the judgment of the circuit court.

For aught that appears by this transcript, however, this cause originated in the circuit court. The transcript

recites that on the first day of February, 1884, a petition was filed in the clerk's office of the circuit court of Laclede county in words and figures as follows :

" *W. H. Stovall v. E. C. Emerson.*

" The plaintiff for his cause of action shows to the court, that the defendant is justly indebted to him in the sum of one hundred and fifty dollars, as money due for damages sustained by the plaintiff to wheat and corn in the year 1882, for which he asks judgment."

The transcript further shows, that the defendant filed his answer to this petition, in the following words :

" Now comes defendant and denies each and every allegation of the petition therein, and asks to be discharged with his costs."

The cause was thereupon tried by a jury, and a verdict rendered for the plaintiff in the sum of $42.87, on which verdict the court entered judgment against the defendant and his sureties in the appeal bond.

It is evident that if this suit originated in the circuit court, as the transcript seems to imply, then the judgment against the sureties is a judgment against strangers to the record and wholly unwarranted; and that the so-called petition states no cause of action whatever. In such event the judgment should have been arrested on the defendant's motion in the court below, and would be vacated in this court for that cause alone.

It appears further that the cause was tried in the circuit court, on a supposed liability of the defendant, arising from the fact that his stock broke into the plaintiff's inclosure, and destroyed the plaintiff's growing crop of wheat.

The plaintiff and the defendant both introduced evidence on that theory. The plaintiff's evidence tended to show that his field was in some places, guarded by a lawful fence, and that the defendant's mules broke into the field at the places so guarded ; while the defendant's evidence tended to show that the plaintiff's field was not guarded in any place, by a lawful fence.

Such being the evidence the court on the plaintiff's behalf instructed the jury in substance, that although they might find that the plaintiff's fence was not a lawful fence at all points of the inclosure, yet, if it was a lawful fence at the point where the mules got in, the plaintiff was entitled to recover.

At the defendant's instance the court instructed the jury that the plaintiff was not entitled to recover, unless he has established by a preponderance of the testimony, that the fence around his field, and inclosing his field, was of a structure and height, which made it a lawful fence under the statute.

These instructions are wholly inconsistent with each other; those given on behalf of the defendant lay down the correct proposition. The statute (Rev. Stat., sect. 3651, 3652, 3653), makes it a condition precedent to recovery in all such cases, that the field shall be inclosed by a hedge or fence of specified dimensions and structure. Even if the statute would admit of any doubt on that subject, the decisions of *Gorman v. Pacific Railroad Co.* (26 Mo. 445), and *Moore v. White* (45 Mo. 206), place the point beyond controversy.

We have made these observations, because they may lead the plaintiff to avoid the unnecessary expense likely to result from a re-trial of the cause. Upon the plaintiff's own showing, by the evidence preserved in the transcript, he has no cause of action.

On the record before us, we can make no other order than remanding the cause, with instructions to the trial court to vacate the irregular entries of overruling the defendant's motions for new trial and in arrest. All the judges concurring, it is so ordered. When these entries are vacated the court should sustain the defendant's motion for new trial.