## BOTTOMS v. CLARK et al.

No. 2652.   Opinion Filed June 3, 1913.

(132 Pac. 903.)

1.  **REPLEVIN—Damages Recoverable by Defendant—Animals Distrained.** Where animals are taken damage feasant and are replevied by the owner, the defendant in that action may recover the damages which he has suffered by reason of the trespass, and a separate action is not necessary.

2.  **SAME.** C. and C. distrained certain stock of B. taken while trespassing upon their lands; B. brought action of replevin to recover the distrained stock held by C. and C. under a lien claim for the damages inflicted. On a trial of the replevin

action the court allowed the defendants under the pleadings to recover the amount of their damages and sustained a lien on the stock for the amount thereof. Held, not error, and that each of the defendants could recover, in the action of replevin, his separate damages.

3.    **ANIMALS—Damages for Trespass—Right of Recovery.** A party can recover damages done by trespassing cattle only when his land is inclosed by a lawful fence and which is broken through or over by the trespassing cattle, and it was prejudicial error for the court to instruct the jury in effect that it made no difference whether the fence breached was lawful or unlawful if the cattle were breachy and known to be so by the owner.

4.    **SAME—"Lawful Fence."** In territory where stock is permitted to run at large the owner of cattle is not liable for damages done to crops of another unless the crops are inclosed by a lawful fence as required by section 188, Comp. Laws 1909 (Rev. Laws 1910, sec. 172), and such fence is lawful when it answers the requirements of section 188, Comp. Laws 1909 (Rev. Laws 1910, sec. 172), at the place where the same was breached by the cattle.

(Syllabus by the Court.)

*Error from District Court, Garvin County;*
*R. McMillan, Judge.*

Action by Z. T. Bottoms against J. B. Clark and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*J. B. Thompson,* for plaintiff in error.

*O. W. Patchell* and *Marion Henderson,* for defendants in error.

DUNN, J. This case presents error from the district court of Garvin county, and was commenced by plaintiff in error as plaintiff on the 26th day of October, 1909, against the defendants in error, for the recovery of 70 head of cattle, and for $250 damage which plaintiff alleged he had suffered by reason of their unlawful detention. The defendants answered denying that he had suffered any damage by the taking or that he was entitled to the possession thereof, and set up that they had distrained the cattle while they were unlawfully trespassing

upon their lands and destroying their crops; that the said cattle had broken into their inclosure through a lawful fence; and that they had suffered damage for the corn which had been destroyed and eaten by them and for services in reference thereto. Judgment was prayed against plaintiff for a lien on the cattle for the damage so suffered and for expenses and costs. On trial to a jury, verdict was returned against the plaintiff for the defendant Campbell in the sum of $50, and the defendant Clark in the sum $32.50. Motion for new trial was filed and overruled, and from the judgment rendered on the verdict the cause has been lodged in this court for review.

It is contended by counsel for plaintiff that the animals were restrained under and by virtue of the provision of section 189, Comp. Laws 1909 (Rev. Laws 1910, secs. 159, 173), and therefore the procedure provided in the sections recited therein is exclusive, and that the damages or injuries suffered by defendants by virtue of trespassing animals could not be recovered in a replevin action brought by the plaintiff, notwithstanding the fact that, under and by virtue of it, the same were taken from the possession of the defendants and they were prevented from retaining them and carrying out and following the procedure provided. In this contention we cannot concur.

Section 5634, Comp. Laws 1909 (Rev. Laws 1910, sec. 4745), provides that a defendant may set up any new matter constituting a defense, counterclaim, or set-off, or a right to relief concerning the subject of the action, and that he may set forth as many grounds of defense, counterclaim, and for relief, as he may have, whether they be such as may heretofore have been denominated legal or equitable, or both. This statute seems to be sufficiently broad to authorize the defense made in this case. It is not the policy of the law to require two actions to determine any fact or issue when the same may be presented and tried in one, and as was

stated by Chief Justice Burford in the case of *McFadyen et al. v. Masters,* 11 Okla. 16, 66 Pac. 284:

"Great latitude is allowed in actions of replevin, and the statutory action is considered sufficiently flexible to authorize both legal and equitable rights to be determined in such actions, and it is the policy of the Code to, in so far as possible, settle all the equities in the property which is the subject of the controversy, in one action."

Moreover, the authorities seem to support the proposition that where animals are taken damage feasant, and are replevied by the owner, the defendant in that action may recoup or recover the damages which he has suffered by reason of the trespass and that a separate suit is not necessary. *Sterner v. Hodgson,* 63 Mich. 419, 30 N. W. 77; *Allen v. Van Ostrand,* 19 Neb. 578, 27 N. W. 642; *Gilbert v. Stephens,* 6 Okla. 673, 55 Pac. 1070. The question presented by plaintiff's action in replevin was the right of possession to the animals at the time of the beginning of the action, and whether he had a right to such possession depended upon the question of whether the defendants had a right to enforce as against them their lien for damages done.

Plaintiff also insists that neither of these defendants was interested in the claim made by the other; that while the corn was in the same inclosure and was destroyed by the same cattle and at the same time, and they were made parties defendant in the same action, founded upon the same tort, it was necessary for them to yield the possession of the cattle to plaintiff and then each bring his separate action for his separate damages. We are unable to see the force of this contention. The defendants were called into court by plaintiff in one action. They set up their claims separately and distinctly; each asserting specifically his right to retain the cattle and the basis therefor. The amount of damages claimed was separately stated and evidence offered by each of them to establish it. The court upon this issue instructed the jury that the finding in its verdict should be separate, and this was

done, and no error prejudicial to plaintiff in our judgment obtained by this proceeding.

Section 155, Comp. Laws 1909 (Rev. Laws 1910, sec. 138), provides that the owner of certain stock, not necessary to here mention, shall restrain them at all seasons of the year; section 156, *Id.* (Rev. Laws 1910, sec. 138), provides that all domestic animals other than those named therein, which included cattle, shall be restrained, unless permitted to run at large as thereafter provided in that same chapter. In the district wherein the land lies where the damages here complained of were inflicted, the statutory proceeding had been taken, and cattle were lawfully permitted to range at large; the landholders being required to fence against them in order to be entitled to recover any damages inflicted by a mere trespass of such ranging cattle. The specific and definite character of the fence is provided for by section 188, Comp. Laws 1909 (Rev. Laws 1910, sec. 172), and section 189, *Id.* (Rev. Laws 1910, secs. 159, 173), provides that the owner of cattle which break through a fence meeting the statutory requirements should be liable for all damages inflicted. Over the objection of plaintiff, evidence was offered by the defendants for the purpose of establishing that the cattle which committed the trespass were unruly, or, as described in the record, were breachy, and had broken the fences and into the crops of other landholders in that vicinity. The admission of this evidence is assigned as error. The statute seems to make no distinction, and we know of no rule of law justifying the admission of this character of evidence. It was without the issues presented by the pleadings, on a subject of which no notice had been given to plaintiff and to defend which he had not been called into court. That it was prejudicial in such a case as this there can be no doubt. The injury inflicted thereby was also accentuated and made fatal in two instructions given, the effect of which was to authorize the jury to return a verdict for the defendants without reference to the character of fence, provided only it was

found as a fact that the cattle were breachy and that plaintiff knew it. The fact that an owner's cattle are breachy and he knows it is not in and of itself sufficient to entitle landholders in an open range country to recover against him where they erect no fences or those inadequate to meet the demands of the statute. Without reference, therefore, to the habits or character of the cattle, we hold that plaintiff in this case was entitled at the hands of the defendants, in order that he might be held liable, to have presented at least at the place where the cattle entered their inclosure a fence which met the statutory requirements.

This suggests another question urged by plaintiff in error and raised ' by the instructions given and refused, which is whether, in order to entitle defendants to recover for damages done, it is under the statute absolutely essential that the land where the trespass was committed be entirely surrounded by a lawful fence, or whether the defendants would be entitled to recover if the fence was lawful at the point where the breach occurred. So far as we have examined them, the statutes of the different states on this subject are very closely allied, but the authorities on this proposition are divergent. For instance, it is held in the case of *Stovall v. Emerson,* 20 Mo. App. 322, and *Polk v. Lane,* 4 Yerg. (Tenn.) 36, that one who seeks to recover damages occasioned by the cattle of another breaking into his inclosure must show that his ground was inclosed by a lawful fence, and it is not sufficient in order to entitle him to recover, to show that the place where the cattle broke in was of lawful height and strength. On the other hand, in the cases of *Rice v. Nagle,* 14 Kan. 498, and *Crane v. Ellis,* 31 Iowa, 510, the rule is declared as shown by the Supreme Court of the state of Kansas in *Rice v. Nagle, supra,* that:

"Where roaming cattle belonging to one person break through a lawful fence, enter upon the land of another, and there commit injuries, the owner of the land may recover from the owner of the cattle for such injuries, notwithstand-

ing such land may not have been entirely surrounded by a lawful fence."

The Supreme Court of Iowa, in the case of *Crane v. Ellis, supra,* discussing the reasons for its holding, said:

"If it were shown that the cattle were constantly in the habit of ranging upon the east side, and clearly established that they broke into the inclosure from that side, and over a fence in all respects legal, there seems to be but little reason or justice, and, to our minds, as little law, in denying the plaintiff relief, from the fact that the fence upon the west or south lacked a few inches of attaining the statutory height. Under the circumstances supposed, the most complete fence on the remaining sides of the inclosure would not have prevented the injury, nor would the most indifferent one have enhanced it or contributed. thereto."

This reasoning appeals to us. Under the construction which counsel for plaintiff in error would have us place upon this statute, if one side of the field presented a precipitous wall, up nor down which no animal could travel, and three sides were inclosed by a perfect fence, no recovery could be had for a breach and damage by trespassing cattle. There are many inclosures in this country where hundreds of acres are fenced, and the fence may be miles in length, and we cannot believe that it was the intention of the Legislature to command that every foot of such fence absolutely meet the demands of the statute or give no recovery. It does not seem to us that the owner of stock is in any position to complain that the fence did not meet the statutory requirements at some other point if it did meet them at the point where his cattle breached it.

Complaint is made of a number of the balance of the instructions. For instance, the one defining a lawful fence authorized the jury to find for the defendants if the fence met the requirements stipulated, or was a fence "substantially in conformity with the same." This instruction in our judgment would be better were the language quoted eliminated therefrom. Likewise, in our judgment the instruction in

reference to the burden of proof is subject to criticism for indefiniteness and uncertainty. The burden in this case to establish the averments of the petition is upon plaintiff and upon the defendants to show that the fence was lawful, that it was breached by the animals of the plaintiff, that damage was committed, and the amount thereof. The amount in controversy in this case is too small to justify protracted litigation, and we regret that the record demands a reversal of this judgment at our hands. It is hoped with this determination of the legal questions involved the parties may be able, without the expense of another trial, to adjust their differences.

The judgment of the trial court is accordingly reversed and remanded, with instructions to grant plaintiff a new trial.

All the Justices concur.