The People of the State of New York ex rel. Saranac Land and Timber Company, Relator, *v.* An Extraordinary Special and Trial Term of the Supreme Court and Others, Defendants.

Fourth Department, March 30, 1917.

Supreme Court — power of Governor to appoint extraordinary terms — practice upon motions in actions therein referred to — writ of prohibition.

The power of the Governor to appoint extraordinary terms of the Supreme Court is well settled.

The appointment by the Governor of an extraordinary term of the Supreme Court does not limit the power of said court, and whether motions for new trials in actions therein referred to may be heard at said term, and in the event of new trials whether the issues may be tried

thereat are questions for the judiciary and should, in the first instance, be determined at Special or Trial Term and not by the Appellate Division upon the application for a writ of prohibition.

APPLICATION by the relator for a writ of prohibition to restrain a justice of the Supreme Court from hearing and deciding motions for new trials in two actions in the Supreme Court.

*Thomas F. Conway,* for the relator.

*Egburt E. Woodbury, Attorney-General* [*Wilber W. Chambers* of counsel], for the defendants.

PER CURIAM:

1. The power of the Governor to appoint extraordinary terms of the Supreme Court is well settled. (Judiciary Law [Consol. Laws, chap. 30; Laws of 1909, chap. 35], § 153; *People* v. *Gillette,* 191 N. Y. 107; *People* v. *Neff,* Id. 210.)

2. We cannot say that there was no public interest to justify such appointment, even if that question is open for our consideration, which we need not decide.

3. The Governor has not the power, and it was not intended by his proclamation, to limit the power of the Supreme Court, and whether the motions for new trials in the actions therein referred to may be heard at said term, and, in the event of new trials, whether the issues may be tried thereat, are questions for the judiciary, and should, in the first instance, be determined at Special or Trial Term and not by the Appellate Division upon the application for a writ of prohibition. (*People ex rel. Ballin* v. *Smith,* 184 N. Y. 96; *People ex rel. Whitman* v. *Woodward,* 150 App. Div. 770.)

All concurred.

Application for writ of prohibition denied.