SARANAC LAND AND TIMBER COMPANY, Appellant, *v.* JAMES A. ROBERTS, as Comptroller of the State of New York, Respondent. (Actions Nos. 1 & 2.)

First Department, April 17, 1919.

Appeal — decision of Court of Appeals reversing by implication order of Extraordinary Special Term appointing referee — expiration of Extraordinary Special Term by failure to continue same by further adjournment — validity of order granted by a justice at Extraordinary Special Term after its expiration — motion to vacate said order.

Where, on appeal from so much of orders of the Appellate Division as affirmed the appointment of a new referee at an Extraordinary Special Term of the Supreme Court, remittiturs by the Court of Appeals recited

**362** Saranac Land & Timber.Co. *v.* Roberts.  Nos. 1 & 2.

First Department, April, 1919.  [Vol. 187.

that the orders so far as appealed from were reversed, and that the motion " so far as concerns the appointment of another referee " be " remitted to the Special Term for further consideration upon the facts before it," and the Appellate Division thereupon made the order and judgment of the Court of Appeals the order and judgment of the Appellate Division and remitted the motions in so far as they concerned the appointment of another referee " to the Special Term for further consideration on the facts before it," said order of the Extraordinary Special Term appointing a new referee was not *expressly* reversed, but the effect of the decision of the Court of Appeals was to reverse said order by implication.

Where an Extraordinary Special Term was adjourned to a certain date and place at which the justice designated to hold said term did not appear, and he gave no further direction to the clerk with respect to the adjournment of said term, and there was no further adjournment thereof either by the court, justice or clerk, and there was no other business pending at the time of the last adjournment, said term expired as if it had been adjourned without day.

Hence, said Extraordinary Special Term having expired, the justice designated to hold the same had no jurisdiction to grant an order appointing a new referee pursuant to the aforesaid directions by the Court of Appeals and the Appellate Division, and as the orders so granted were null and void, they may be properly vacated on motion.

Appeal by the plaintiff, Saranac Land and Timber Company, from an order of the Supreme Court, made at the Schenectady Special Term and entered in the office of the clerk of the county of Franklin on the 2d day of January, 1919, as resettled by an order entered in said clerk's office on the 20th day of January, 1919, denying plaintiff's motion to vacate an order entered in said clerk's office on the 9th day of December, 1918, purporting to have been made at an Extraordinary Special Term held in and for the county of Schenectady on the 30th day of November, 1918, granting defendant's motion for the appointment of a new referee to hear and determine the issues herein.

*Thomas F. Conway* of counsel [*Frank E. Smith* with him on the brief; *Weeds, Smith & Conway*, attorneys], for the appellant.

*Wilber W. Chambers* of counsel [*Charles D. Newton, Attorney-General*], for the respondent.

Laughlin, J.:

These are actions in ejectment to recover possession of land in Franklin county. The parties, by stipulations in open

court, waived jury trials and consented to the appointment of a referee to try the issues. The first trial resulted in judgments for the plaintiff which were affirmed (125 App. Div. 333; 195 N. Y. 303). Those judgments were vacated pursuant to the provisions of section 1525 of the Code of Civil Procedure;* and the referee having died another was appointed. He also decided the issues in favor of the plaintiff and the judgments were affirmed by the Appellate Division (152 App. Div. 918), but the Court of Appeals reversed and granted new trials (208 N. Y. 288). The referee having resigned, another referee was appointed and on the third trial of the issues judgments were again entered in favor of the plaintiff on the 14th of February, 1917. By proclamation of the Governor, bearing date the 27th day of February, 1917, reciting that it appeared to his satisfaction that the public interests required it, an Extraordinary Special Term and Trial Term of the Supreme Court was appointed to be held at the Schenectady court house, in the city of Schenectady, on the 17th of March, 1917, " for the purpose of hearing and determining motions for new trials in two actions entitled ' Saranac Land and Timber Company, Plaintiff, against James A. Roberts, as Comptroller of the State of New York, Defendant,' and in the event new trials are granted then to try said actions, and said Special Term and Trial Term to continue so long as may be necessary for the disposal of the business which may be brought before it," and designating Mr. Justice CLARK of the Seventh Judicial District to hold the terms and providing for the publication of the proclamation or executive order.

The defendant, on affidavits and an order to show cause granted by said justice, on the 3d of March, 1917, returnable at said Extraordinary Special Term, on the convening thereof, moved to vacate the judgments entered on the reports of the referee and for new trials upon exceptions and newly-discovered evidence, and to vacate the orders of reference and to have the actions proceed to trial before said Extraordinary Trial Term. The plaintiff applied for a writ of prohibition which was denied and the order was affirmed (*People ex rel. Saranac Land & Timber Co.* v. *Supreme Court,*

---

* Repealed by Laws of 1911, chap. 509.— [REP.

177 App. Div. 378; 220 N. Y. 487). In the meantime the Extraordinary Terms were adjourned from time to time until the 16th of June, 1917, on which day other orders to show cause granted by said justice on the application of the defendant, why, in the event that the motions to vacate the orders of reference should be denied, orders should not be made, appointing a referee to try the issues were returnable. On the last-mentioned day the parties appeared before the Extraordinary Term and all of the motions were argued and submitted on briefs and the court adjourned to July 14, 1917, at ten A. M. On the 7th of July, 1917, the court announced decisions on the motions granting new trials, denying the motions to vacate the orders of reference and granting the motions to appoint a referee and appointing Ex-Justice Arthur E. Sutherland as referee; and on that day the justice holding said term wrote the clerk of the court stating that the motions had been decided but that it might be some time before the orders would be settled and directing that the clerk, at the time to which the terms had been adjourned, further adjourn them until July twenty-eighth at ten o'clock, at the same place, and stating that if the orders should not be settled in the meantime he would write the clerk with respect to a further adjournment. The orders were settled and entered in Franklin county, where the issues were triable, on the 17th day of July, 1917. The justice designated to hold the Extraordinary Terms did not appear at the court house at Schenectady on the 28th of July, 1917, or give any further direction to the clerk with respect to the adjournment of the terms, and there was no further adjournment thereof in any form or manner either by the court, justice or clerk. There was no other business pending before the court at the time of the last adjournment; and no business other than said motions came before either of said Extraordinary Terms at any time.

The plaintiff appealed from the orders of the Extraordinary Special Term. The appeals were transferred to this court (182 App. Div. 905), where the orders were modified with respect to costs and affirmed (183 App. Div. 897). On the application of the plaintiff this court allowed appeals from so much of the orders as affirmed the appointment of a new

referee and certified questions with respect thereto to the Court of Appeals (184 App. Div. 892). The Court of Appeals decided that it was discretionary with the court on granting the new trials to refer the issues back to the same referee or to appoint another referee, and that on granting the new trials the issues stood " referred to the former referee subject to the appointment of a new referee by the court" (224 N. Y. 377). The Court of Appeals then sent its remittiturs to this court to be proceeded upon according to law. The remittiturs recite that the orders so far as appealed from were reversed, with costs in the Court of Appeals and in the Appellate Division and that the motion " so far as concerns the appointment of another referee " be " remitted to the Special Term for further consideration upon the facts before it." This court thereupon made an order in each action making the order and judgment of the Court of Appeals the order and judgment of this court and reversing, with costs in the Court of Appeals and here, the orders of this court in so far as they had been appealed from and remitting the motions in so far as they concerned the appointment of another referee " to the Special Term for further consideration upon the facts before it " as directed by the Court of Appeals. The plaintiff thereafter and on November 22, 1918, gave notice of motion returnable at the Franklin County Special Term on the 2d of December, 1918, to vacate the consents and orders of reference and to have jury trials awarded and, if that should be denied, to bring on the motion for the appointment of a new referee and to have the same denied. The defendant then gave notice that he was submitting the remittitur and other papers to Mr. Justice CLARK and requesting that the motion for the appointment of a new referee, which had been remitted to the Special Term for further consideration on the facts before it, " be now decided by said Special Term." On the 25th of November, 1918, Mr. Justice CLARK, who resided at Wayland in the Seventh Judicial District, wired the parties that he had received the papers from the Attorney-General and did not deem an oral hearing necessary but would consider any additional papers received by the twenty-ninth of November; and on that day the plaintiff filed with Mr. Justice CLARK a special appearance and affidavits

showing the adjournments of the Extraordinary Terms and claiming that they had expired. On the 30th of November, 1918, Mr. Justice CLARK without further hearing, in his home district signed an order purporting to have been granted at said Extraordinary Special Term, which, it is recited in the caption of the order, was held on March 17 and 31, April 24, May 16 and June 16, 1917, " and continued for the further consideration of the motion remitted to it by the Court of Appeals " pursuant to said judgment of the Court of Appeals,— granting the motion " in the exercise of the court's judgment and discretion upon the facts before it " and appointing said Arthur E. Sutherland referee to hear, try and determine the issues in the actions.

It thus appears that neither by the decision of the Court of Appeals nor by the action of this court on the remittitur was the order of the Extraordinary Special Term appointing a new referee *expressly* reversed; but the Court of Appeals deemed that the record showed, in view of the provisions of section 1011 of the Code of Civil Procedure, erroneously construed by Mr. Justice CLARK and by this court, that the appointment of the new referee had not been made in the exercise of the discretion of the court but on the theory that it was necessary to appoint a new referee. I am of opinion that the effect of the decision of the Court of Appeals was to reverse by implication this part of the order of the Special Term for it reversed our affirmance thereof and a reconsideration of the matter at Special Term was directed.

It may well be that the Court of Appeals contemplated that the motion would be reconsidered by the Extraordinary Special Term, but manifestly the Court of Appeals did not intend to decide that the Extraordinary Special Term could be kept alive for that purpose unless it had been regularly adjourned or recessed. By the decision of the Court of Appeals the motion for the appointment of a referee was left undecided and the matter was remitted to the Special Term to decide it. It was competent for any Special Term in the district at which motions in the action could be noticed to make the decision, and on the reversal it went back to the Special Term for decision regardless of who should be presiding thereat precisely the same as other matters remitted

to the Special Term on reversal for further action.    There
having been no adjournment or recess of the Extraordinary
Special Term on the 28th of July, 1917, and the business
before that court having been finished, it is quite evident that
there was then no intention of continuing it longer and it is
quite clear, therefore, that it expired precisely as if it had been
adjourned without day.    (See Judiciary Law [Consol. Laws,
chap. 30; Laws of 1909, chap. 35], §§ 6, 7; *Stovall* v. *Emerson*,
20 Mo. App. 322; *Wight* v. *Wallbaum*, 39 Ill. 554; *People* v.
*Sullivan*, 49 Hun, 333; revd., 115 N. Y. 185.)    Doubtless Mr.
Justice CLARK deemed that the Court of Appeals intended that
he should decide the motion and that the Extraordinary Special
Term was to be considered as continuing for that purpose;
but we think it was only intended by the Court of Appeals
that he should hear it provided the Extraordinary Special
Term had been kept alive and that it was not competent for
him to revive it.    The Court of Appeals in *People* v. *Sullivan*
(*supra*) held that when a court of record has been duly con-
vened and adjourned for the night it does not cease to exist
if the justice presiding should be unable to arrive at the hour
to which the adjournment was had; but even in that case
when all communication with the court house was prevented
by a blizzard the General Term was of opinion that the justice
had no further jurisdiction and the decision of the Court of
Appeals sustaining the jurisdiction was placed upon the
ground that there was no intention to abandon the term and
that the temporary suspension of business due to the act of
God was unavoidable.    There have been many Special Terms
held in that county since July 28, 1917, which shows that
there was no reason why the Extraordinary Special Term
should be continued; but that might not have prevented the
continuance thereof if it had been regularly adjourned.

It is contended, however, that the plaintiff's remedy was
to appeal from the order made by Mr. Justice CLARK.    The
term of court having expired the learned justice was without
jurisdiction and the orders were null and void and could
properly be vacated on motion.    (*Kamp* v. *Kamp*, 59 N. Y.
212; *Seaman* v. *Whitehead*, 78 id. 306; *Knickerbocker Trust
Co.* v. *O., C. & R. S. R. Co.*, 201 id. 379, 386; *Davidson* v.
*Ream*, 178 App. Div. 363.)

The orders, therefore, should be reversed, with ten dollars costs and disbursements, both appeals having been heard on one record, and motions granted, with ten dollars costs in each action.

Clarke, P. J., Page and Merrell, JJ., concurred.

Orders reversed, with ten dollars costs and disbursements, and motions granted, with ten dollars costs. Order to be settled on notice.