2017 OK CIV APP 65

Jerry Mark THOMPSON, an Individual Plaintiff/Appellant,

v.

J. Paul WILLIAMS, an Individual, Defendant/Appellee.

Case Number: 115140

Court of Civil Appeals of Oklahoma, Division No. 1.

Decided: 04/07/2017

Mandate Issued: 12/05/2017

Charles Scott Loftis, Ponca City, Oklahoma, for Plaintiff/Appellant,

Aaron J. Goodman, LAWSON & SHELTON, P.L.L.C., Tulsa, Oklahoma, for Defendant/Appellee.

BRIAN JACK GOREE, PRESIDING JUDGE

¶ 1 Plaintiff/Appellant, Jerry Thompson, was injured when his motor vehicle struck a cow owned by Defendant/Appellee, J. Paul Williams. Plaintiff alleges that Defendant's fence did not meet the height requirements of Title 4 O.S. 2011 § 154 and the violation was, in itself, negligence. We apply *Champlin Refining Co. v. Cooper*, 1938 OK 652, 184

Okla. 153, 86 P.2d 61, and hold that violation of § 154 does not constitute negligence per se because bodily harm from a motor vehicle accident is not the type of injury intended to be prevented by the statute, and Plaintiff is not within the class of persons the Legislature intended to protect when it enacted § 154 of the Herd Law in 1910. The trial court correctly granted summary judgment and we AFFIRM.

¶ 2 In 1910 the Legislature adopted amendments to an act commonly called the Herd Law. Still in effect, Title 4 O.S. 2011 § 154 describes with precision the requirements for a lawful fence.[1] Plaintiff argues Defendant is liable for negligence because portions of his fence are less than 54 inches in height and, he urges, it can be inferred that he was injured because the cow jumped over the fence.

¶ 3 To recover for negligence, a plaintiff must prove (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure to properly perform that duty, and (3) the plaintiff's injury was proximately caused by the defendant's breach. *Lockhart v. Loosen*, 1997 OK 103, ¶ 9, 943 P.2d 1074. Ordinarily, reasonable care duties arise from the common law. But the negligence per se doctrine substitutes statutory standards for the common law. *Howard v. Zimmer, Inc.*, 2013 OK 17, ¶ 13, 299 P.3d 463, 467. In other words, the statute itself comprises the duty and its violation constitutes the breach.

¶ 4 Not every statute can substitute for the common law standard of care. A statute's violation is deemed negligence per se if the claimed injury (a) was caused by the

law's violation, (b) was of the type intended to be prevented by the statute, and (c) the injured party was a member of the class meant to be protected by the statute. *Lockhart*, ¶ 6. The determinative issue of law in this appeal from a summary judgment is whether violation of § 154 constitutes a negligent breach of the standard of care.

¶ 5 Summary judgment procedure is governed by 12 O.S. 2011 § 2056 and Rule 13 of the Rules for District Courts of Oklahoma. 12 O.S. Supp. 2013, Ch. 2, App. 1. It is a process that settles only questions of law and therefore the standard for review is *de novo*. *Horton v. Hamilton*, 2015 OK 6, ¶ 8, 345 P.3d 357, 360. According to § 2056(C), summary judgment can only be granted where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. *Id* at ¶ 17.

¶ 6 The fundamental rule of construction is to ascertain and give effect to the intention of the Legislature as expressed in the statute under consideration. *Champlin*, ¶ 7. In Oklahoma Territory, and for many years after statehood, cattle were lawfully permitted to range at large. *Bottoms v. Clark*, 1913 OK 367, ¶ 2, 38 Okla. 243, 132 P. 903, 905. It was inevitable that trespassing livestock would occasionally damage another's crops. The Legislature enacted law enabling a party to recover damages done by trespassing cattle, but only when his crops were enclosed by a lawful fence. *Bottoms*, ¶ 0, court syllabus 3. On the open range, cattlemen were not required to fence in their stock—farmers were required to fence them out. The burden of proof was on the crop

---

1. Section 154 provides:
A fence made of three rails of good substantial material, or three boards not less than six (6) inches wide and three-quarters (3/4) of an inch thick, such rails or boards to be fastened in or to good substantial posts not more than ten (10) feet apart where rails are used, and not more than eight (8) feet apart where boards are used, where either wholly or in part substantially built and kept in good repair, or any other kind of fence, which, in the opinion of the fence viewers shall be equivalent thereto, shall be declared a lawful fence: Provided, that the lowest or bottom rail, wire or board shall not be more than twenty (20) or less than sixteen (16) inches from the ground, and that such fence shall be fifty-four (54) inches in height, except that barb wire fence may consist of three barb wires, or four wires, two of

which shall be barbed, the wires to be firmly fastened to the posts not more than two (2) rods apart, with two stays between the posts, or with posts not more than one (1) rod apart without such stays, the top wire to be not less than fifty-four (54) nor more than fifty-eight (58) inches in height, and the bottom wire to be not more than twenty (20) or less than sixteen (16) inches from the ground: Provided, Further, that all partition fences may be made tight at the expense of the party desiring it, and such party may take from such fence the material by him added thereto whenever he may elect: and Provided, Further, that when the owner or occupants shall keep their respective share of the partition fence sufficiently tight to restrain such sheep, goats or swine.

owner to prove that his fence was lawful and the cattle breached it. *Bottoms*, ¶ 3. Section 154 contains the criteria for a lawful fence.

¶ 7 In *Champlin*, the Supreme Court held that the Herd Law was enacted for the purpose of protecting agricultural crops and not to protect motorists traveling upon the public highway from domestic animals. We follow *Champlin* and hold that the type of injury envisioned by § 154 was damage to crops and not bodily injury from an automobile accident. The members of the class intended to be protected by § 154 were land owners in the free-range era and not modern highway motorists.

¶ 8 If Defendant constructed a fence that did not meet the specifications of § 154, his act was not negligence per se and the trial court's grant of summary judgment against Plaintiff is AFFIRMED.

JOPLIN, J., and BELL, J., concur.