JOHN B. ALLEN, PLAINTIFF IN ERROR, V. DEWITT VAN OSTRAND, DEFENDANT IN ERROR.

1. **Herd Law**: NOTICE. Where stock is taken up under the herd law and notice served on the owner, he has forty-eight hours after receiving the notice to pay the damages and costs and take the stock away.

2. ———: DAMAGES. There is no provision in the statute for adding to the damages claimed after the service of notice.

3. ———: REPLEVIN. A took up certain stock of B and served a notice on B, stating the amount of damages claimed. About twenty-four hours afterward B went to the residence of A— their farms adjoining—and tendered to A the amount of damages stated in the notice and demanded his stock. A thereupon demanded an additional sum for keeping the same since the service of notice. This was refused. About 9 o'clock P.M.

> of the same day, and before proceedings in replevin were insti-
> tuted, A went to the residence of B and notified him to take
> away his stock and pay him. (A) the amount first claimed;
> *Held*, That A did not thereafter wrongfully detain the stock.

ERROR to the district court for York county. Tried below before NORVAL, J.

*France & Harlan*, for plaintiff in error.

*Sedgwick & Power*, for defendant in error.

MAXWELL, CH. J.

This is an action of replevin brought by the plaintiff against the defendant to recover the possession of " two red steers and one red heifer, each about eight months old, and one red heifer with white face, one year old."

On the trial of the cause in the court below the defendant was found to be entitled to the possession of the property, and the value of such possession the court fixed at the sum of $2.00, with damages for the detention of the property.

The undisputed facts as they appear from the testimony are as follows: That in April, 1884, the plaintiff and defendant resided on adjoining farms about seven miles from the town of York; that the plaintiff was the owner of the stock in question, and on or about the 20th of that month it strayed on to the farm of the defendant. The defendant thereupon took up the stock and served the statutory notice on the plaintiff, claiming $2.00 damages and requiring him to pay said sum and take his stock away within forty-eight hours, and naming an arbitrator in case he was dissatisfied with the damages claimed. The notice seems to have been served about 6 o'clock in the afternoon. On the next day at about the same hour the plaintiff went to the defendant's residence and offered to pay the $2.00 demanded and claimed his stock. The defendant then asked

for $1.00 in addition to the sum demanded in the notice for keeping the stock one day. This the plaintiff refused to pay. After some further conversation the plaintiff again offered the defendant $2.00, but he again refused to receive it. The same evening, however, about 9 o'clock, the defendant went to the residence of the plaintiff and notified him that he "could come up and get the cattle and pay him the $2.00." The plaintiff testifies, "I told him no, I had been there and twice offered him the money, and I told him if he would bring the cattle down to my place he could have his $2.00, and he said he would not bring them down." On the next day this action was commenced and the cattle taken under an order of replevin. The $2.00 seems to have been deposited with the justice for the use of the defendant, but in the view we take of the case it is entirely immaterial whether the money was so deposited or not.

The notice in this case seems to be in the form prescribed in section 2, chap. 2, Compiled Statutes, and as the plaintiff failed for forty-eight hours to appoint an arbitrator to assess the damages, the amount claimed must be considered as satisfactory to him. There is no dispute, therefore, over the amount of damages, nor over the right of the defendant in the first instance to retain the stock until the damages were paid. Therefore, had the plaintiff immediately on tendering to the defendant the amount of damages claimed in the notice, which he refused to receive, brought an action of replevin, his right to maintain the action would be unquestioned; but when the defendant notified him before the action was brought to take his cattle away, and that he would accept the amount tendered, it was the duty of plaintiff to comply with the request, and the defendant was not then wrongfully holding possession. The defendant may have supposed, and probably did, that he was entitled to compensation for each day he kept the stock until the expiration of forty-eight hours

from the time the notice was served, and that the sum could be added to the damages claimed. But there is no provision in the statute for such compensation. The statute gives the owner forty-eight hours after receiving the notice in which to take the stock away and make full payment of all· damages and costs. The amount of damages claimed must be stated in the notice, and there is no provision for additional claim to that first made. The plaintiff, however, upon the payment of the sum claimed could have obtained his cattle, and they were not *then* wrongfully withheld. As the plaintiff and defendant resided on· adjoining farms the cost of going after the cattle a second time would be inconsiderable, and no point is made on that by either party.

It is evident that a little forbearance on the part of both of these parties, certainly on that of the plaintiff, would have secured him all his rights in the premises without the expense and annoyance of a suit that should never have been brought.

There is no error in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.