## GIDEON STERNER v. JOHN HODGSON.

*Replevin for beasts distrained—Assessment of damages.*

1. The usual judgment in replevin, when not given on a trial on the *merits*, is merely preliminary to the final determination of damages on the inquest awarded.
2. Under How. Stat. § 8375, the defendant, on *nonsuit* of the plaintiff, who has replevied the distrained property, may have an assessment covering every claim arising out of the *distress* and *damages* done him by the beasts *distrained*.

Error to Berrien. (Smith, J.) Argued October 21, 1886. Decided October 28, 1886.

Replevin for beasts distrained. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*O. W. Coolidge,* for appellant.

*Clapp & Bridgman,* for defendant.

CAMPBELL, C. J.  Plaintiff sued by replevin for beasts distrained, and obtained judgment before a justice of the peace, which was reversed on special appeal.

At the circuit, this judgment of reversal, which in a replevin case is usually, as it was here, when not given on a trial of fact, merely preliminary to the final determination of damages, was at first entered as a final judgment, awarding execution for costs, as well as an inquest for damages. That part of the judgment was rescinded, leaving the order for inquest standing.

A postponement was had to the next term, on the objection of plaintiff's attorney to proceeding to judgment at once. At the subsequent term the inquest was tried by jury, and, after the jury was sworn, plaintiff objected to any testimony, on the ground that, instead of assessing damages, the remedy was on the bond.  No other exception was taken on the inquest.

Testimony was given showing the trespass by plaintiff's hogs on defendant's crops, and the damages were assessed. No request was made for charges, and the judge gave very general instructions to the jury, which seem to have been all that the case called for.

The only tangible ground of error that we have been able to gather from the record, as made up, is that the damages should be assessed only by suit on the bond.  There was a perfectly regular judgment of reversal, amounting to nonsuit.  The statute is entirely clear that in such a case as this, where the plaintiff fails after replevying and obtaining the property, the defendant may have an assessment covering every claim arising out of the distress and damages done him by the beasts.  How. Stat. § 8375.

The case was, in our opinion, sufficiently clear, and the objections made are very far from clear.  The record, as presented to us, leaves out the appeal affidavit, which was essential to the jurisdiction, and which ought to have been

returned.   But no error is assigned on the action of the circuit court in reversal.

We have discovered no error in the proceedings, and no reasonable ground for alleging any.

The judgment must be affirmed, with costs.

The other Justices concurred.