## HOLMBER v. WILL.

No. 5173.    Opinion Filed December 7, 1915.

(153 Pac. 832.)

1.    **TENDER—Sufficiency—Parent and Child.** A tender to a son is not a good tender to his father.

2.    **REPLEVIN—Animals—Damages for Trespass.** About twenty-five head of cattle, all belonging to the same party, trespassed upon another party, who was able to impound only five head thereof.

Holmberg v. Will.

The owner replevied the five head. **Held** that, at the trial of this action, the impounding party was entitled to judgment for the damage done by the entire herd.

3. **REPLEVIN—Nature of Remedy—Scope of Relief.** A replevin action is primarily one for the possession of personal property; yet it is sufficiently flexible to authorize a settlement of all the equities between the parties arising from or growing out of the main controversy.

(Syllabus by Mathews, C.)

*Error from County Court, Harper County;*
*B. C. Krause, Judge.*

Action by James L. Will against Charles Holmberg. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

See, also, 49 Okla. 138, 152 Pac. 357.

*J. L. Griffiths* and *Gray & McVay,* for plaintiff in error.

*E. J. Dick,* for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. On a Sunday morning the defendant distrained five head of cattle belonging to plaintiff, upon the ground that the same were trespassing upon his premises and injuring his crops. On the day following the plaintiff instituted this replevin action, alleging therein the essential statutory requirements, and, further, that before replevying said cattle he had offered defendant the sum of $2.50, which covered his entire damage, which defendant had refused to accept or to state the amount of damages claimed. Plaintiff prayed for the return of said cattle and $50 damages for the taking of the same. Defendant answered, in substance, admitting that on the 16th day of June, 1912, he had taken up said cattle mentioned in plaintiff's petition for trespassing upon his wheat. Defendant denied that plaintiff had tendered him the sum of $2.50 in

settlement of the damage, and alleged that this sum was grossly inadequate to cover said damages, and that his damage was $100, for which he prayed judgment. The action was tried to the court, who found that the cattle in controversy were wrongfully detained by the defendant; that the defendant had failed to proceed according to law to have the damages assessed after impounding the cattle. The court refused to determine the damage done by the cattle, other than those impounded, and held that the only question for his consideration was the right of possession of the five head of cattle in controversy at the time the writ in replevin was issued, and the damage done by said five head, which he decided was less than $2.50, and found that amount had been tendered by plaintiff to defendant. A motion for a new trial was filed and overruled, and the defendant has appealed to this court.

The first assignment of error is the decision of the court that plaintiff tendered to defendant the sum of $2.50 in settlement of the damages before instituting the replevin action. The defendant testified that the plaintiff did not make any tender to him of the said $2.50 or offer to pay damages in any sum, while the plaintiff testified that he tendered the $2.50 to the defendant, but it developed on his cross-examination that, according to his version, he tried to make a settlement with the defendant, but that the defendant became so angry that he could not negotiate with him, and then he went to the defendant's son and told him he could not do anything with his father, but would give him $2.50 if he would return the cattle to him by evening. The plaintiff further admitted that he made no actual tender to defendant, but told him he would pay the damages. The evidence in this case does not show a tender or offer to pay the defendant any sum whatever. *McGuire v. Bradley,* 118

Ill. App. 59.; *Phoenix Ins. Co. v. Overman,* 21 Ind. App. 516, 52 N. E. 771; *Te Poel v. Shutt,* 57 Neb. 592, 78 N. W. 288; *Fletcher v. Daugherty,* 13 Neb. 224, 13 N. W. 207; *Jewett v. Earle,* 53 N. Y. Sup. Ct. Rep. (21 Jones & S.) 349; *Thurber v. Jewett,* 3 Mich. 295; *Walsh v. Hertzog,* 154 Ill. App. 503; *Low v. Barnes,* 30 Okla. 15, 118 Pac. 398.

The next assignment is the refusal of the court to assess the damages done by the entire herd of cattle. It appears from the evidence that there were about 25 head of plaintiff's cattle upon defendant's premises on the morning the controversy arose, but that the defendant was able to actually impound but five head, the others breaking away from him and returning to plaintiff's premises, and defendant asked for judgment for the damages done by the entire herd, but the trial court ruled that he could only pass upon the damage done by the five head of cattle impounded. This was error. While a replevin action is primarily one for the possession of personal property, yet it is sufficiently flexible to authorize a settlement of all the equities between the parties arising from or growing out of the main controversy. *McFadden and Brown v. Masters,* 11 Okla. 16, 66 Pac. 284; *Stone v. American Nat. Bank,* 34 Okla. 786, 127 Pac. 393. This exact question was passed upon in the case of *Bottoms v. Clark et al.,* 38 Okla. 243, 132 Pac. 903, and there decided adversely to plaintiff's contention here.

In the last above cited case the plaintiff replevied 70 head of cattle, and asked for $250 damage for their taking. The defendant answered that he had detained said cattle while they were trespassing upon his land and destroying his crops, and judgment was asked for his damages and for a lien on said cattle for the payment of the same. Plaintiff contended that the cattle were restrained under sections 159, 173, Rev. Laws 1910, and that the procedure there was ex-

clusive of any other, but it was held that damages suffered from trespassing animals could be recovered in a replevin action brought by the owner of the animals against the party impounding said animals, the court, through Justice Dunn, saying:

"Rev. Laws 1910, sec. 4745, provides that a defendant may set up any new matter constituting a defense, counterclaim, or set-off, or a right to relief concerning the subject of the action, and that he may set forth as many grounds of defense, counterclaim, and for relief as he may have, whether they be such as may heretofore have been denominated legal or equitable, or both. This statute seems to be sufficiently broad to authorize the defense made in this case. It is not the policy of the law to require two actions to determine any fact or issue when the same may be presented and tried in one, and as was stated by Chief Justice Burford in the case of *McFadyen et al. v. Masters,* 11 Okla. 16, 66 Pac. 284: 'Great latitude is allowed in actions of replevin, and the statutory action is considered sufficiently flexible to authorize both legal and equitable rights to be determined in such actions, and it is the policy of the Code to, in so far as possible, settle all the equities in the property which is the subject of the controversy, in one action.'

"Moreover, the authorities seem to support the proposition that, where animals are taken damage feasant, and are replevied by the owner, the defendant in that action may recoup or recover the damages which he has suffered by reason of the trespass, and that a separate suit is not necessary. *Sterner v. Hodgson,* 63 Mich. 419, 30 N. W. 77; *Allen v. Van Ostrand,* 19 Neb. 578, 27 N. W. 642; *Gilbert v. Stephens,* 6 Okla. 673, 55 Pac. 1070. The question presented by plaintiff's action in replevin was the right of possession to the animals at the time of the beginning of the action, and whether he had a right to such possession depended upon the question of whether the defendants had a right to enforce as against them their lien for damages done." *Sharrock et al. v. Pryor,* 36 Okla. 305, 128 Pac. 243.

The cattle having been replevied from defendant before the statutory time allowed him to notify the nearest justice of the peace to assess the damage had expired, the defendant had the right to have the damage incurred from the trespassing of the entire herd assessed at the trial of the replevin action, and was further entitled to a lien on the five head impounded by him for the payment of the damage so occasioned by the entire herd.

The judgment should be reversed, and the cause remanded for a new trial.

By the Court:   It is so ordered.