## EMERSON-BRANTINGHAM IMPLEMENT CO. v. RITTER.

No. 8318—Opinion Filed Jan. 22, 1918.

(170 Pac. 482.)

**1. Sales—Warranty —Notice of Breach— Waiver.**

Where it is stipulated in a contract of sale of machinery that the company warrants the machinery to be well made, of good material, and with proper use and management to do as good work as any other machine of the same size and manufactured for like purposes, but if inside of six days from the day of its first use said machinery fails to fill said warranty, written notice shall be given to the company at its home office by registered letter, and also written notice to the local agent from whom same was purchased, and that, if the purchaser fails to give said written notices of defects within six days from the first day of its use or return the machinery as therein provided, it shall be conclusive evidence of the fulfillment of the warranty and full satisfaction of the machinery. Said stipulation may be waived by the seller, if in response to an informal notice it sends agents to examine and test the machinery, who make promises of repairs and adjustment, upon which the purchaser relies in the settlement of his differences with the company.

**2. Principal and Agent—Agency—Extent of Agent's Authority—Question for Jury.**

The questions of agency and extent of an agent's authority are to be determined by the jury upon all facts and circumstances connected with the transaction, under proper instructions as to the law.

**3. Replevin—Special Interest of Plaintiff— Legal and Equitable Rights—Determination.**

In the trial of a replevin suit, where the plaintiff claims a special interest therein under and by virtue of the terms of a chattel mortgage, great latitude is allowed, and the statute is flexible enough to authorize both legal and equitable rights to be determined in such action, and it is the policy of the Code, in so far as possible, to settle all the equities in the property which is the subject of the controversy in one action.

### 4. Same—Return of Property on Condition.

In an action of replevin, where the plaintiff only had a special ownership in the property by virtue of a mortgage executed by the defendant upon the property in controversy, it is within the province of the jury under proper pleadings to determine the value of that special interest; and, when the jury have done this, it is right and proper for the court, in entering a judgment upon such a verdict, where the property in controversy has been placed in the possession of the plaintiff under the process of the court, to provide, if the defendant shall deposit in court the amount of such special interest, together with costs, within three days, for the return of the property to said defendant.

(Syllabus by West, C.)

Error from District Court, Canadian County; Edward Dewes Oldfield, Judge.

Suit by the Emerson-Brantingham Implement Company against Christ Ritter. Judgment for defendant, and plaintiff brings error. Affirmed.

Babcock & Trevathan, for plaintiff in error.

Fogg & Bennett, for defendant in error.

Opinion by WEST, C. This was a suit instituted in the district court of Canadian county by plaintiff in error against defendant in error to recover money judgment upon eight certain promissory notes, and to recover the possession of certain personal property set out in said mortgage, which mortgage was given to secure the payment of said notes. The parties will be referred to as they appeared in the court below.

To plaintiff's cause of action the defendant answered denying generally the allegations of plaintiff's petition,, and, further that said notes were given and said mortgage executed for a part of the purchase price of a certain gasoline tractor which was sold by plaintiff to defendant; that said factor was warranted to be well made, of good material, and with proper use and management to do as good work as any other machine of the same size manufactured for like purposes, and that said tractor failed to come up to said warranty,, and that plaintiff had been unable to make said machine perform the work for which it was intended in a satisfactory manner, after being notified of its failure so to do, and that by reason thereof the defendant was not due the plaintiff the amount sued for. Plaintiff replied admitting the warranty pleaded by defendant, but set up the fact that notice of the defects had not been given to the plaintiff at their home office in Rockford, Ill., within six days after the discovery of the same, as provided for in the contract. Upon these issues the cause went to trial to a jury on the 9th day of November, 1915. After the evidence was in, both for the plaintiff and the defendant, plaintiff moved for an instructed verdict generally in favor of plaintiff for the amount sued for, and for possession of the property conveyed in said mortgage, which motion was by the court overruled. Thereupon the plaintiff moved to have its cause of action on the promissory notes separated from his action for recovery of the possession of the property sued for, and to have the action on the notes redocketed and proceed with the trial upon its ninth cause of action for the possession of the property conveyed in the mortgage. This motion was by the court overruled. Thereupon the court upon motion of the plaintiff dismissed without prejudice the first eight causes of action, and thereupon the suit proceeded upon the ninth cause of action, and the following verdict was rendered:

"We, the jury impaneled and sworn to try the issues in the above-entitled cause, do, upon our oaths, find for the plaintiff—for the possession of the chattels or in lieu thereof the sum of ten hundred sixteen and 32|100 ($1,016.32)."

And upon this verdict judgment was entered, to review which judgment plaintiff has perfected its appeal and assigns a number of errors which may be considered under two propositions: (1) Was it incumbent upon the defendant to show that he had given the written notice to the plaintiff at their home office in Rockford, Ill., as stipulated for in the contract before he could successfully urge the failure of the tractor to come up to the warranty made for it by the plaintiff, or could this provision of the contract be waived by plaintiff through its agent as was found by the jury to have been done? (2) Could the jury in the suit as it remained adjust the equities between plaintiff and defendant, and determine in said replevin suit the amount due plaintiff by defendant after allowing such sums as offsets and counterclaims, claimed by defendant by reason of the failure of the machinery to come up to the warranty made for it by the plaintiff as the evidence warranted, as was done by the jury, or, in other words, could the jury find the value of the special interest of plaintiff in the property in controversy by reason of said mortgage, which would have been the amount due plaintiff from defendant?

The evidence in this case tended to show that the sale was made through the sales manager at Oklahoma City who had charge of all negotiations for plaintiff in the making of said sale and closing up said contract, and that upon the discovery by defendant that said machine was not doing the work satisfactorily he notified Mr. Haggard, assistant sales manager at Oklahoma City of this fact, and the assistant sales manager advised that he would send a man there to remedy the trouble and did so send a man. Defendant complained two or three different times of the manner in which said tractor was working, and Mr. Haggard each time advised him to keep the machine and go ahead and he would make it all right, and that it was unnecessary for him to advise the home office at Rockford, Ill.

In case of Port Huron Engine & Thresher Co. v. Ball, 30 Okla. 11, 118 Pac. 393, the first and second paragraphs of the syllabus are as follows:

"1. The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury.

"2. Provisions in a contract of sale of machinery, requiring the purchaser, if not satisfied with the machine at the end of the first day, to notify the company at its home office and give it time to send mechanics to operate the machine, and further providing that, if the purchaser is not satisfied after the test is made by these mechanics, he shall procure some other machine for a competitive test, and further providing that none of the conditions of the contract may be waived, except in writing, signed by an officer of the seller, may all be waived by the seller, if in response to an informal notice it sends agents to examine and test the machinery, who make promises of repairs and adjustments, upon which the purchaser relies in future dealings with the seller."

In the body of the opinion the court uses the following language:

"There is no doubt that, under the decisions of this court, the question of agency and the extent of the agent's authority are to be determined by the jury from all the facts and circumstances connected with the transaction. Ricker National Bank v. Stone, 21 Okla. 833, 97 Pac. 577; Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359."

In case of Continental Gin Co. v. Sullivan, 48 Okla. 332, 150 Pac. 209, first paragraph of the syllabus is as follows:

"Where a party purchases a piece of machinery under a contract which provides for a specific notice to be given the seller in case the machine proves unsatisfactory, held, that such notice is for the sole benefit of the seller, and may be waived by him. And, if waived by him, he cannot complain because the contract notice was not given."

While it may be true that the plaintiff would not have to act upon any other notice than that specified in the contract, yet if it did act upon different notice it cannot be heard to complain that the defendant failed to give the notice provided for in the contract.

The defendant in this case dealt with the sales manager in Oklahoma City. He notified him of the defects complained of, and in obedience to such notice the sales manager sent an expert to correct the defects in said tractor, and further advised the defendant that it was unnecessary for him to notify the home office in writing, as provided in the contract. This notice was made for the benefit of plaintiff, and the purpose of the notice was to permit the plaintiff, if there were any defects in the machinery, to remedy the same.

The purpose and object of such a notice is to afford an opportunity to the seller to make good his claim for his machinery, and to prevent the buyer from taking an unfair advantage in his claims that the machinery did not come up to the warranty. If plaintiff acts upon any other and different notice than that specified in the contract, he ought not then to be heard to say that, notwithstanding the machinery does not measure up to the warranty, notwithstanding that you gave me notice of this defect, notwithstanding the fact I undertook to remedy the same, still you cannot recover for said defects or claim any reduction by reason thereof, because you have failed to give the written notice to the home office as provided in the contract. It is not the object and intent of this provision in the contract to afford the seller a loophole out of which he may escape the responsibility of the warranty contained in his selling contract, but to furnish him an opportunity to make good his claims and to prevent the buyer from resorting to unjust and unfounded claims without affording an opportunity to the seller to adjust or correct any seeming imperfections in the machinery sold.

The plaintiff had notice and acted upon this notice, and endeavored to remedy the defects in the machinery.

On the first proposition it is our opinion that the plaintiff, by acting upon the notice that it did receive, waived the notice provided for in the contract. On the second proposition, as to whether or not these equities between plaintiff and defendant growing

out of the failure of the tractor to do the work claimed for it could be adjusted in this kind of a suit, will say that 34 Cyc. 1417, is as follows:

"Since the adoption of Codes in most of the states, the doctrine of set-off and counterclaim has undergone much change. At first counterclaims were held to be available in any action for a tort, and therefore not in replevin, which sounds in tort. But this rule has been so far modified as to allow the interposition of a counterclaim in the full sense of the Code, whether arising on contract or based upon a tort, in an action of replevin, whenever such counterclaim is founded upon a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or whenever it is connected with the subject of the action. There are decisions in which this right is recognized, but in which the facts require it to be enforced only so far as is necessary to defeat plaintiff's demand, and some of the decisions expressly confine it within that limit. In other decisions counterclaims in replevin suits are not only sustained, but enforced to the extent of granting affirmative relief to defendants by judgments in their favor for amounts above the amounts found to be due to plaintiffs. That is to say, the counterclaim is enforced in its proper sense as a separate cause of action in favor of a defendant, and not merely as a matter of defense against a plaintiff's case."

34 Cyc. page 1530, is as follows:

"The verdict or findings in an action of replevin, as in civil cases generally, should be construed to uphold rather than to defeat the verdict of the judgment thereon, and should be construed in connection with the issues and proof, and, although informal or irregular, will generally be held sufficient if, when so construed, the intention of the jury is clear and covers all the issues in the case, and if no one is injured or prejudiced thereby, more inaccuracies in the verdict will not invalidate it."

In case of Bottoms v. Clark, 38 Okla. 243, 132 Pac. 902, first paragraph of the syllabus is as follows:

"Where animals are taken damage feasant and are replevied by the owner, the defendant in that action may recover the damages which he has suffered by reason of the trespass, and a separate action is not necessary."

In the body of the opinion the court uses the following language:

"Section 5634, Comp. Laws 1909 (Rev. Laws 1910, § 4745), provides that a defendant may set up any new matter constituting a defense, counterclaim, or set-off, or a right to relief concerning the subject of the action, and that he may set forth as many grounds of defense, counterclaims, and for relief, as he may have, whether they be such as may heretofore have been denominated legal or equitable, or both. This statute seems to be sufficiently broad to authorize the defense made in this case. It is not the policy of the law to require two actions to determine any fact or issue when the same may be presented and tried in one. and as was stated by Chief Justice Burford in the case of McFadyen et al. v. Masters, 11 Okla. 16, 66 Pac. 284: 'Great latitude is allowed in actions of replevin, and the statutory action is considered sufficiently flexible to authorize both legal and equitable rights to be determined in such actions, and it is the policy of the Code to, in so far as possible, settle all the equities in the property which is the subject of the controversy in one action.'"

In Stone v. American National Bank, 34 Okla. 786, 127 Pac. 393, the third paragraph of the syllabus is as follows:

"While replevin is a possessory action, yet great latitude is allowed, and the statutory action is considered flexible enough to authorize both legal and equitable rights to be determined in such action; and it is the policy of the Code to, in so far as possible, settle all the equities in the property which is the subject of the controversy in one action; and, on failure of the trial court to so settle the equities, this court, an appeal, will do so, if the record permits."

In Holmberg v. Will, 52 Okla. 745, 153 Pac. 832, the third paragraph of the syllabus is as follows:

"A replevin action is primarily one for the possession of personal property; yet it is sufficiently flexible to authorize a settlement of all the equities between the parties arising from or growing out of the main controversy."

34 Cyc. 1568, § 12, is as follows:

"12. Amount Recoverable Where Prevailing Party has Only Special Interest in Property.—a. In General. The general rule is that where the rights of the successful party in an action of replevin are confined to a special and limited interest, it is erroneous to award him the full value of the property; the damages should be limited to the value of his special interest. * * *"

In this particular case the plaintiff only had a special ownership in the property by virtue of the mortgage executed by the defendant upon the property in controversy, and it was clearly within the province of the jury under the pleadings in this case to determine the value of that special interest, and this was done. If the defendant had filed a redelivery bond and retained possession of the property there would be no question but that the value of the special

interest of plaintiff as fixed by the jury would have been all that he could have demanded in lieu of the possession of the property. This being true, it necessarily follows that notwithstanding he had, by virtue of the bond that it had filed at the commencement of the suit, possession of the property, nevertheless the property in the eyes of the law was in custodia legis and when the jury by their verdict found the interest of the plaintiff in the property, then the court would necessarily under the verdict have the authority to enter the judgment, as was done in this case; that is, to afford the defendant the opportunity of depositing into court the amount of plaintiff's special interest in the property as found by the jury, and thus compel the plaintiff to accept this and return the possession of the property to the defendant.

Finding no error in the verdict of the jury or the judgment of the court entered thereon, it is ordered that said cause be affirmed.

By the Court: It is so ordered.