## EMERSON-BRANTINGHAM IMPLEMENT CO. et al. v. RITTER.

No. 11227—Opinion Filed May 29, 1923.

Rehearing Denied Sept. 18, 1923.

### 1. Judgment — Res Judicata — Matters Affected—Action on Replevin Bond.

In an action on a replevin bond, a former judgment of a court of competent jurisdiction between the same parties and involving the same subject-matter is conclusive, not only as to every matter involved in the former case, but as to every matter which might have been pleaded or given in evidence, whether same was pleaded or not.

### 2. Same—Construction of Former Judgment in Replevin Action.

Where the judgment in a replevin suit provides that the plaintiff, mortgagee, is entitled to the replevied property for the purpose of foreclosing his mortgage unless the defendant, within three days, tenders to the plaintiff the amount found by the jury to be due the plaintiff, then the plaintiff to deliver the replevied property to the defendant, and the defendant makes the tender, but plaintiff refuses to accept the tender and refuses to return the property, an action will lie in favor of defendant for the value of the property.

### 3. Replevin—Action on Bond—Limitations.

Where a replevin suit is tried and the plaintiff appeals the case to the Supreme Court, defendant's right of action on the replevin bond does not accrue until the appeal is finally disposed of in favor of the defendant. Held, in this case defendant's cause of action is not barred.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by Christ Ritter against the Emerson-Brantingham Implement Company, a corporation, and the American Surety Company of New York, a corporation, to recover on replevin bond. Judgment for plaintiff, and defendant Emerson-Brantingham Implement Company brings error. Affirmed.

On October 14, 1914, the plaintiffs in error, who will hereafter be called plaintiff, brought suit against the defendant in error, who will hereafter be called defendant, to replevin some farm machinery that plaintiff had sold to defendant and taken a mortgage to secure eight promissory notes. The first two were for $220 each, and the other six were for $300 each. These notes represented the balance of the purchase price due plaintiff on the machinery. The first of said notes was due October 1, 1914, and the defendant defaulted in payment of the first note, and plaintiff commenced its suit to foreclose its mortgage on the machinery. The plaintiff in error American Surety Company became the bondsman of plaintiff on the replevin bond, which was in the usual form. Plaintiff in the replevin suit had nine causes of action in its petition; the first eight causes of action being on each of the

promissory notes, and the ninth cause of action to foreclose the mortgage. Plaintiff obtained possession of the machinery under its writ of replevin, and soon afterwards moved it to Oklahoma City and had some repairs made, and then advertised and sold it. The plaintiff bought it in at the foreclosure sale for $1,375. The defendant answered in the replevin suit and denied owing the amount that plaintiff claimed and set up as one defense that the plaintiff warranted the machinery to be up to standard, which would do as good work as any machinery of like character, and claimed that he had been damaged by reason of the defective machinery in the sum of $1,400. The plaintiff filed a reply, and the case went to trial before the court and a jury. But before the case was finally submitted the plaintiff dismissed its first eight causes of action and proceeded on the ninth cause of action, which was to recover the property so that it could foreclose its mortgage. At the close of the trial, the jury returned a verdict finding that the defendant owed the plaintiff $1,016.32 and that plaintiff was entitled to the property replevied to foreclose its mortgage and apply the proceeds of the sale up to $1,016.32 and costs; and the court entered a judgment in which it was provided that the plaintiff should have judgment for the property to foreclose its mortgage to satisfy the indebtedness due it from the defendant, unless the defendant, within three days of that date, pay to the plaintiff $1,016.-32 and the costs of suit, in which case the machinery replevied should be returned to the defendant. The defendant, within the time allowed by the court's order, tendered to the plaintiff $1,016.32 and the costs; but plaintiff refused to accept said tender and return the property. The fact is that the plaintiff had sold the property sometime prior to that for the sum of $1,375. The plaintiff appealed from the judgment of the court, and the judgment of the trial court was affirmed by this court. (See Emerson-Brantingham Implement Company v. Ritter, 69 Okla. 95, 170 Pac. 482.) Upon the coming down of the mandate, the defendant, Ritter, brought this suit to recover from the implement company the value of the property taken under the replevin writ less the sum of $1,016.32, and the cost of replevin suit, for which he gave plaintiff credit, and joined the American Surety Company, the surety on the bond, as party defendant. The implement company and the American Surety Company made a joint defense and set up almost the entire proceedings in the replevin suit, but made the defense that the judgment in the replevin suit, not being a final judgment, and there being no return of the property awarded, a suit on the replevin bond would not lie; also pleading the statute of limitations. These two last defenses are the principal defenses urged by defendant on this appeal. The plaintiff, Ritter, replied to the answer of the defendant, and he set up several pages of the proceedings and the judgment in the replevin suit. The suit was afterwards tried to the court and a jury; and the jury returned a verdict in favor of the plaintiff for $1,336. Motion for a new trial was overruled, and judgment entered on the verdict, and the case has been appealed to this court.

Boynton & Reilly, for plaintiffs in error.
Fogg & Bennett, for defendant in error.

Opinion by MAXEY, C. We have carefully examined the record and briefs in this case; and while there are 500 pages of the record, counsel on both sides have relieved us of reading very much of the record, as both briefs are very full of the facts, both in the present case and in the former case. We have also read the opinion of this court on the appeal of the replevin suit between the same parties; said opinion being found in 69 Okla. 95, 170 Pac. 482, and we think a great deal of the record in this case and the argument of counsel for plaintiffs in error is based too much on the record in the replevin suit. The plaintiffs in error insist that the decision of this court in the replevin case, above mentioned, precludes the plaintiff in this case from recovery because the judgment in the replevin suit was not a final judgment, but we cannot agree with this contention, because the court on the appeal of the replevin case had settled that question in our judgment. The verdict of the jury in the replevin case reads as follows:

"We, the jury impaneled and sworn to try the issues in the above entitled cause, do, upon our oaths find for the plaintiff for the possession of the chattels, or, in lieu thereof, the sum of $1,016.32."

And in entering judgment on said verdict we find this paragraph in the judgment:

"And it is by the court, found, considered, ordered, and adjudged that the plaintiff have judgment for the possession of the above described personal property taken by the plaintiff from the possession of the defendant at the commencement of this action under the writ of replevin, or, order of delivery, upon the payment or tender of payment to plaintiff by defendant of said sum of $1,016.82 within three days from this date and that upon the payment of, or tender of payment of said sum to said plain-

tiff, said defendant shall have and is entitled to the possession of the above described chattels so taken from him under said writ of replevin."

This court in the replevin suit in which this judgment was entered goes into the question of this order, as to what that particular paragraph of the judgment means, as will be seen from the fourth paragraph of the syllabus of the opinion, which reads:

"In an action of replevin, where the plaintiff only had a special ownership in the property by virtue of a mortgage executed by the defendant upon the property in controversy, it is within the province of the jury under proper pleadings to determine the value of the special interest; and, when the jury have done this, it is right and proper for the court, in entering a judgment upon such verdict, where the property in controversy has been placed in the possession of the plaintiff under the process of the court, to provide, if the defendant shall deposit in court the amount of such special interest, together with costs, within three days, for the return of the property to said defendant."

Notwithstanding this language of the court, counsel for plaintiffs in error insist that this paragraph of the judgment above quoted is not a final order, but an interlocutory order. We cannot agree with this contention. While the order is in the nature of a conditional judgment, that does not take away from it its finality; there was nothing for the defendant to do under this paragraph to reclaim possession of his property, or obtain the right to the possession, but make the tender as provided in said paragraph. This the defendant did, and the plaintiff refused to accept the tender and refused to return the property, but Mr. Travathan, the attorney for the plaintiff, refused to count or accept the money, but did not dispute the sufficiency of the amount, but stated he would advise an appeal and that a tender would not be accepted.

Could it be contended that the refusal of the tender, and the refusal to return the property, did not constitute a breach of the replevin bond? We think not. The defendant did everything that he was required to do by the judgment of the court to entitle him to a return of his property; and there is no doubt but what plaintiff's refusal to accept the tender, and its refusal to return the property, constituted a breach of the replevin bond, and when that case and that judgment was affirmed by this court, his right to an action on the replevin bond accrued, and he had a perfect right to bring

his action for the value of the property taken under the replevin writ, less the amount that the court found he owed the plaintiff in the replevin suit. The defendant in error in the instant case conceded that in his petition, by offering to credit the amount that the jury in this case should find that the defendants are indebted to him with the amount he was required to tender in the other case. Counsel for both parties have cited a number of authorities, but in our judgment the case is so largely covered by the decision in the replevin suit that there is very little necessity for the citation of authorities. It appears to be true that the jury in the replevin case did not find the value of the property taken under the writ of replevin, but this is not absolutely essential. It is perhaps the best and most regular way to try a replevin suit to have the jury find the value of the property taken under the writ, and then the court in its judgment can order a return of the property after the jury finds for the defendant and it can give defendant judgment for the value found by the jury. Counsel for plaintiffs in error cite in their brief authorities in support of their contention that there must be an order for the return of the property—that is, an unconditional order—before a suit can be maintained on the replevin bond, and they contend that the order in this case is not sufficient to base a suit on the replevin bond. As before stated, we cannot agree with this contention and do not think the authorities cited by plaintiffs in error on this proposition are in point. Counsel for plaintiffs in error cite the case of Hardesty v. Naharkey, 89 Okla. 253, 213 Pac. 89. The second and fourth paragraphs of the syllabus in that case are as follows:

"When the judgment entry determines issues involving the merits of the action or some part thereof, and specifying the relief granted the prevailing party, but reserves for further action an accounting for certain oil lease rentals, and there is nothing therein which postpones its operation until action on the accounting, then such judgment is appealable, under section 5236, Rev. Laws 1910."

"Although section 5236, Rev. Laws 1910, subd. 3, provides that this court may reverse, vacate, or modify judgments of inferior courts or orders thereof involving the merits of an action or some part thereof, yet it is the better practice that only one appeal be taken in any action, and that from a full and final determination of all the issues involved, and if it is intended that the order, judgment, or decree being entered should be suspended in its operation until the other issue not yet heard can

.be incorporated in the judgment, it would serve the better purpose of the law to the end that only one appeal be allowed, if such judgment entry would expressly so provide. But where it does not. as in the case at bar, and the rights of the parties are conclusively determined as to all of the principal issues, the losing party has the right of appeal, and the same will not be dismissed on the motion filed in this court."

It will be seen from this citation that counsel are still contending that the judgment in the replevin suit was not a final judgment, and that therefore the plaintiff here cannot maintain a suit on the bond. If that judgment was not a final judgment, the appeal taken by plaintiff should have been dismissed by this court in the replevin suit based directly on that question. The fourth paragraph of the opinion in that case reads as follows:

"In an action of replevin, where the plaintiff only had a special ownership in the property by virtue of a mortgage executed by the defendant upon the property in controversy, it is within the province of the jury under proper pleadings to determine the value of that special interest; and, when the jury have done this, it is right and proper for the court, in entering a judgment upon such a verdict, where the property in controversy has been placed in the possession of the plaintiff under the process of the court, to provide, if the defendant shall deposit in court the amount of such special interest, together with costs, within three days, for the return of the property to said defendant."

We have carefully read plaintiffs in error's brief; and, as before stated, we cannot agree with them in their contention that plaintiff cannot maintain a suit on the replevin bond and we deem it unnecessary to follow the discussion farther on that subject, as we think the former appeal in this case has settled that question and is the law of this case.

On the other proposition raised by plaintiffs in error in this case, that the case is barred by the statute of limitation, as we understand plaintiffs in error's contention, it is that the statute began to run when plaintiff sold the property replevied. Let us see if that is true. The judgment of the court in the replevin case found that the plaintiff was entitled to the possession of the property for the purpose of foreclosing its mortgage, but provided that if the defendant should, within three days, tender to the plaintiff $1,016.32, with costs, which was figured up to amount to $1,130, then the defendant should be entitled to the property. The evidence shows that the defendant made a sufficient tender of the

amount required and that the tender was refused and he was informed by plaintiff's attorney that he would advise an appeal of the case and that a tender would not be accepted. The plaintiff did appeal, and that appeal had the effect of suspending all proceedings under that judgment until after the appeal was decided, and that tolled the statute pending the appeal; and plaintiff's right to bring an action on the replevin bond did not accrue until the coming down of the mandate of this court. That is when the statute began to run, and the time should be reckoned from that date; and the record shows that the plaintiff in this case acted promptly in bringing his suit after the replevin suit was finally disposed of; and reckoning the time from the coming down of the mandate, the action is not barred by the statute of limitation.

It is further contended by plaintiffs in error that the Surety Company can only be held under the terms of the bond, and not in an action for conversion of property. Under the common law that would perhaps be true, but under the liberal provision of the Code in this and all other Code states holding forms of action abolished, we think that the plaintiff has a right of action against the Surety Company on the bond. In the case of Green v. Rehbine et al., 44 Okla. 96, 144 Pac. 182, this court held, quoting from the opinion:

"The petition in this case recites the proceedings in which the writ of replevin was obtained, * * * the rendering of judgment upon the trial in favor of defendant therein for a return of the property, and the failure to satisfy the judgment by a return of the property as required by the terms of the bond. These allegations are sufficient to entitle the plaintiff to recover on the bond, and the demurrer was improperly sustained."

That is substantially what the petition in this case alleges. The case also discusses the validity of the judgment in that case, and says it is a valid judgment so far as it goes and cannot be attacked collaterally. Therefore, in this action, plaintiffs in error are precluded from attacking the judgment in the former case; and, as before stated, all questions concerning the form of judgment and the relief granted in the replevin action were litigated in that action, and this court is foreclosed by the judgment in that case.

Another contention of the plaintiffs in error is that the price that the property brought at foreclosure sale fixed the value of the property, and that if plaintiff in this case is entitled to recover at all, his recovery

is limited to the difference between what the property brought—$1,375—and $1,130, the amount the defendant in error admitted he owed the plaintiffs in error. We do not think that is the measure of plaintiff's recovery in this case. This property had recently been purchased by the plaintiff for use on his farm, and it was taken from him practically new and put up and sold at forced sale and the plaintiffs in error bought it in. It will, therefore, be seen that to hold that the amount that the property brought at the foreclosure sale governs would enable the plaintiffs in error to fix the value of the property herein without any testimony. We think the true rule is, as contended by defendant in error, that the measure of his damages is the difference between the value of the property as found by the jury and the amount that defendant in error was required to tender under the judgment in the replevin suit. This was the theory on which the trial court submitted the case to the jury, as will be seen by instruction No. 4, which is as follows:

"You are further instructed, gentlemen of the jury, that at the time said property was taken from plaintiff under said writ of replevin, plaintiff's indebtedness to defendant, the Emerson-Brantingham Implement Company as determined by a court of competent jurisdiction, was $1,016.32 and costs, all totaling $1,130.00, and that, in this connection you are instructed that if you find and believe from the evidence that such property was taken from his possession, as alleged in his petition, and that its value was more than the amount of his indebtedness to the defendant, the Emerson-Brantingham Implement Company, and that the taking was found to be unwarranted and that the property was disposed of and not returned to the plaintiff, then plaintiff would be entitled to recover in this action, the reasonable value of the property over and above plaintiff's indebtedness to the defendant the Emerson-Brantingham Implement Company, together with six per cent. (6%) interest from the date of the taking thereof, which is the 15th day of October, 1914."

We think the court submitted the case to the jury under proper instructions, and the jury having found that the plaintiff was entitled to recover from the defendants in this case, and each of them, the sum of $1,336, it is a proper verdict and should stand.

Plaintiffs in error make five assignments of error; the first being "that the court erred in overruling motion of plaintiffs in error for a new trial." This is the only assignment of error that authorizes this court to pass on the errors complained of during the trial. The other four assignments are to the demurrer to the petition, the demurrer to the reply, and that the court erred in rendering judgment against plaintiffs in error, and erred in rendering judgment for the defendant in error. These have been sufficiently noticed in our discussion of the case, and some of them were not discussed by plaintiffs in error in their brief.

After a careful review of the record and the briefs filed in this case, we are of the opinion that the judgment of the trial court is correct and should be affirmed.

On appeal to this court from a judgment of the district court of Canadian county, supersedeas bond was filed, executed by the plaintiff in error as principal and the United States Fidelity & Guaranty Company, a corporation, as surety, to stay execution of said judgment; and the defendant in error filed, with his brief, a motion for judgment against the surety on the supersedeas bond, and to which no response has been made. The motion must be sustained. The judgment of the trial court was rendered on the 3rd day of December, 1919, in the sum of $1,336, which judgment should bear interest at the rate of six per cent. from that date. And judgment, therefore, will be entered in this court against the surety on the appeal bond, the United States Fidelity & Guaranty Company, a corporation, in the sum of $1,336, with interest thereon at the rate of six per cent. per annum from the 3rd day of December, 1919, and for costs; for which execution may issue.

By the Court: It is so ordered.