## SERAN v. PARKER.

No. 26689. June 9, 1936.

Criswell & Huser, for plaintiff in error.

Billingsley & Kennerly, for defendant in error.

PER CURIAM. For convenience the parties will be referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff brought a replevin action before a justice of the peace alleging he was the owner of certain personal property. The property was seized by the constable. The defendant gave a redelivery bond within 24-hour period, but did not obtain possession of the property for a period of several months, and then only after an order for the delivery of the property to him was made by the district court. The defendant filed an answer in the justice of the peace court denying any indebtedness to the plaintiff, and what is denominated a cross-petition but which is in legal effect a counterclaim claiming damages for the con-

version of a team of mules. The case was tried and judgment rendered in the justice of the peace court in favor of the defendant.

The plaintiff appealed to the district court. A jury was waived in the district court, a trial had and judgment rendered against the plaintiff for $130 damages and costs. The case-made sets out what purports to be the oral evidence of witnesses sworn and examined in open court by questions, answers, objections, and rulings by the court thereto, exceptions by the parties and the rulings of the court. The case-made was served and notice given of the settling and signing. Objections were made by the defendant to the evidence incorporated in the case-made. The testimony of the witnesses at the trial was not taken in shorthand by the court reporter. The objections were sustained by the court. Thereupon the court prepared a statement in narrative form of the testimony on behalf of both the plaintiff and the defendant and incorporated the evidence in narrative form in the case-made, and it was certified to as a true and correct statement of all of the material evidence offered and introduced by the plaintiff and by the defendant at the trial. The plaintiff excepted to the insertion of the evidence in narrative form by the court.

"Case-made need not contain transcript of court reporter's notes of evidence and proceedings, but evidence and all proceedings may be reproduced in narrative form from memory of court and counsel and incorporated in case-made." Godfrey v. F. D. Bearly Lumber Co., 171 Okla. 425, 43 P. (2d) 478; Jones v. Duncan, 168 Okla. 598, 35 P. (2d) 451; State ex rel. Wigal v. Wilson, 43 Okla. 112, 141 P. 426; Ragan v. Shannon, 98 Okla. 289, 225 P. 672.

If either party was dissatisfied with the statement of the evidence prepared by the court, he should have filed an affidavit setting forth his contention.

Section 541, O. S. 1931, provides as follows:

"In case the trial judge shall refuse to include any statement in a case-made which a party thereto, or his attorney, contends is correct, such party or his attorney may file in said court an affidavit setting forth the matters in dispute and the fact that the trial judge has refused to include such facts in the case-made, and thereupon said judge shall be disqualified to determine the facts set forth in said affidavit, and a special judge shall be elected or appointed, as in other cases of disqualification of the judge, who shall hear the evidence and make an order with reference to the facts in dispute,

220

which order shall be included in the case-made, and shall constitute the facts recited in said order. In case the trial court is not in session and will not be in session in time to allow the completion of the case-made in time to file the same in the appellate court, the appellate court or any justice thereof may, upon notice and hearing, settle the facts in dispute and make the order to be included in the case-made."

We must accept the narrative statement of evidence made by the court as all of the material evidence introduced at the trial.

Plaintiff assigns as error the order of court overruling plaintiff's motion to strike and dismiss defendant's answer and cross-petition. The answer is verified and denies that the defendant is indebted to the plaintiff on the note sued on, and contains a cross-petition for damages for wrongful conversion of a team of mules. The motion to strike was directed to the entire answer. It was not error for the court to refuse to strike the denial of any indebtedness. Unless the defendant owed the plaintiff on the chattel mortgage indebtedness, the plaintiff was not entitled to maintain a replevin action.

This suit was brought in a justice of the peace court, and no written answer was necessary.

The plaintiff further contends that conversion cannot be set up as a defense in a replevin action; that a set-off or counterclaim for unliquidated damages for a tort cannot be pleaded as a defense in replevin action. It is not necessary to decide this question in this case. This part of the controversy between the parties was over two mules which were not included in the mortgage and were not a part of the property seized by the constable under the replevin order. The testimony of the plaintiff was in substance that he received these mules from the defendant and gave him credit on his note for $97 and claimed a balance due of $110. The evidence of the defendant was that the mules were worth from $200 to $225, and that if he had been given credit for their value it would have paid the balance due on the note. The defendant's evidence as to the value of the mules was corroborated by other witnesses. The controversy between the plaintiff and defendant, as disclosed by the evidence, was not whether there was a conversion of these two mules, but as to their value. The value as fixed by the defendant and his witnesses was sufficient to pay the indebtedness secured by the mortgage. The judgment rendered by the court does not find that there was a conversion of the property, but that the note

had been satisfied; the judgment reciting the following:

"The court further finds that said plaintiff has received a team of mules from said defendant and that said defendant is entitled to credit on the indebtedness herein sued upon for said team of mules, in a sum equal to the amount due on said indebtedness, and that the note introduced in evidence and the mortgage given to secure said note, have been satisfied and that the same should be canceled and held for naught.

"The court further finds that said defendant is entitled to damages on his cross-petition against said plaintiff in the sum of $130, and that said plaintiff should pay the costs of this action."

This is not a finding that the plaintiff was guilty of a conversion of the mules in controversy, but constitutes a finding by the court that the mortgage indebtedness had been paid and that there was nothing due the plaintiff.

A replevin action is primarily one for the possession of personal property; yet it is sufficiently flexible to authorize a settlement of all the equities between the parties arising from or growing out of the main controversy. Holmberg v. Will, 52 Okla. 745, 153 P. 832.

Great latitude is allowed in actions of replevin, and the statutory action is considered sufficiently flexible to authorize both legal and equitable rights to be determined in such actions, and it is the policy of the Code to, in so far as possible, settle all the equities in the property which is the subject of the controversy, in one action. McFadyen v. Masters, 11 Okla. 16, 66 P. 284.

Both legal and equitable rights of the parties may be determined. Broyles v. McInteer, 29 Okla. 767, 120 P. 283; Emerson-Brantingham Implement Co. v. Ritter, 69 Okla. 95, 170 P. 482.

In the third and last assignment of error, plaintiff alleges that the court erred in rendering judgment for exemplary damages. The judgment of the court, the material parts of which are, above set out, does not refer to exemplary damages. It was the duty of the court on finding for the defendant to assess such damages for withholding of the property involved in the replevin action as may be just and proper.

Section 791, O. S. 1931, is as follows:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, and of dam-

ages for the detention. If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

Section 941, O. S. 1931, is as follows:

"In all cases when the property has been delivered to the plaintiff, when the jury shall find for the defendant, they shall also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit, and, if they find either in his favor, they shall also find the value of the property, or the value of the possession, and such damages for withholding said property as may be just and proper."

The affidavit of replevin described four horses, three mules, a cow, three calves, wagon, and farm tools. The constable's return to the order of replevin shows that all of the said property was seized by him in November, 1933. The defendant within 24 hours filed a redelivery bond. In February, 1934, the defendant made application to the district court for an order requiring the return of said property. Such order was made by the district judge, and the court in his statement of the evidence set forth in narrative form in the case-made recites that said property was returned to the defendant about 30 days after the order was made, or about March 29, 1934. There was evidence before the court that the defendant had been deprived of the use of the property seized by the constable under the writ of replevin and this property was not returned to him for nearly four months, and there was evidence as to the damages caused the defendant by the loss of the use of his property. The evidence is sufficient to support the judgment of the court.

"In an action at law, tried to the court without a jury, the finding of the court will be given the same weight as the verdict of a jury; and, where there is competent evidence reasonably supporting the judgment, and no error of law is shown, the judgment will not be disturbed on appeal. Mulkey v. Anglin, 166 Okla. 8, 25 P. (2d) 778; Redd v. Warehime, 166 Okla. 128, 26 P. (2d) 142."

This case has been tried twice. In each instance the judgment denied recovery by the plaintiff and allowed the defendant damages. The trial court had the advantage of seeing the witnesses and hearing their testimony. We believe from a careful examination of the record that substantial justice has been done and there is no error in the record justifying a reversal. The judgment is affirmed.

The Supreme Court acknowledges the aid of A. L. Zinser, Eugene S. Champlin, and C. F. Dyer in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Zinser and approved by Mr. Champlin and Mr. Dyer, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, V. C. J., and RILEY, BUSBY, CORN, and GIBSON, JJ, concur. McNEILL, C. J., and BAYLESS, WELCH, and PHELPS, JJ., absent