HALES-MULLALY, Inc., v. CANNON.

No. 30242.   Nov. 18, 1941.

*119 P. 2d 46.*

Robert M. Jordan, of Oklahoma City, for plaintiff in error.

Herbert Hodge, of Oklahoma City, for defendant in error.

HURST, J. The plaintiff, Hales-Mullaly, Inc., filed a complaint in replevin in the justice court for the recovery of an office air conditioning unit from the defendant, Dr. J. M. Cannon. From a judgment for the plaintiff, defendant appealed to the common pleas court, where a judgment was rendered affirming plaintiff's right to possession of the unit, and judgment was also rendered on a jury verdict for the defendant on his cross-petition for breach of warranty in the amount of $100.90. From the latter judgment, plaintiff appeals.

The facts are these: Defendant purchased from plaintiff the unit on a conditional sales contract. The total amount to be paid by defendant was $300.90, which included delivery and installation charges and sales tax, payable $100.90 on installation, which was paid, and the balance at $100 per month. The invoices which were signed by defendant on delivery of the unit provided: "It is agreed that title to goods covered by this purchase is to remain in Hales-Mullaly, Inc., until this invoice is paid." The first unit was delivered to the defendant on July 14, 1939, and after a failure of plaintiff's mechanics to get this unit to cool defendant's office a second unit was substituted on July 18, 1939. The second unit did not operate successfully, and plaintiff's mechanics worked on it for about two weeks unsuccessfully. The defendant then tendered plaintiff the unit on condition that plaintiff return the down payment of $100.90 so paid. Defendant made the same tender several times and restated it in his cross-petition. Plaintiff refused the tender, but offered to take back the unit and give the defendant a credit slip for the amount he had paid. This the defendant refused.

Plaintiff's mechanics testified that the reason the second unit did not operate successfully was that 220 volts are required to run the unit and the voltage in defendant's office varied from 125 to 210 volts. After all efforts to operate the second unit had failed, the salesman who sold the unit to the defendant offered to pay the cost of bringing the required voltage into defendant's office, but defendant refused this offer on the ground that the unit was not as warranted, stating that since so much of the summer season had passed he would wait until the following summer to buy a unit in order to take advantage of any improvements or reductions in price which might be made.

Defendant's cross-petition set up (a) rescission of the contract for failure of the machine to perform the work for which it was intended and purchased and for breach of the implied warranty of fitness of said machine; (b) tender of possession of machine to plaintiff on condition that the down payment of $100.90 be returned; and (c) a demand for damages in the amount of $99.10 for breach of implied warranty of fitness, said damages being for loss of time, fees, and patients due to plaintiff's mechanics working on the units in defendant's office.

Plaintiff filed an answer to the cross-petition asking that it be stricken on the ground that it was irrelevant and redundant to the action of replevin.

Plaintiff makes two contentions: (1) That a defendant does not have the right to litigate the rescission of a contract in a replevin action or to sue for damages in the justice court where plaintiff has not taken possession of the property; and (2) that the defendant did not prove by a preponderance of the evidence a breach of warranty of fitness.

1. The first contention made by plaintiff assumes that defendant sought by his pleadings to obtain a rescission of the sales contract, contrary to the rule announced in Kansas City Hay Press Co. v. Williams, 51 Okla. 6, 151 P. 570, and Pease v. Golightly, 168 Okla. 582, 35 P. 2d 469, 94 A.L.R. 956. We do not consider this assumption correct. Defendant rescinded the contract by his refusal to permit plaintiff to further interrupt his business by additional efforts to make the machine work properly, and his insistence that plaintiff

take back its property and return his $100.90. Section 9500, O. S. 1931, 15 O. S.A. § 235. When plaintiff brought its action to recover possession of the property it treated the contract as rescinded. Mercantile Trust Co. v. Roland, 143 Okla. 190, 288 P. 300; 55 C. J. 1271. The question as to whether the defendant was entitled to the return of the portion of the purchase price paid by him because of the failure of the machine to function properly was so related to the rights arising out of the contract as to permit of its determination in the replevin action. It was a proper counterclaim. Section 207, O. S. 1931, 12 O.S.A. § 273; Watson v. American Creosote Works, 184 Okla. 13, 84 P. 2d 431; Ft. Worth Lead & Zinc Co. v. Robinson, 89 Okla. 221, 215 P. 205. It could therefore be properly settled in the replevin action. Perry v. Jenkins Music Co., 182 Okla. 51, 75 P. 2d 1147; Mercantile Trust Co. v. Roland, supra; Seran v. Parker, 177 Okla. 219, 58 P. 2d 581.

2. In connection with plaintiff's second contention, we have examined the record, and conclude that the evidence as to the breach of the implied warranty was sufficient to submit to the jury the question as to whether the machine was unfit for the purpose for which defendant purchased it. That such unfitness was due to the insufficient electrical voltage in the building in which defendant's office was located, instead of a defect in the machine itself, was not attributable to defendant, nor did it relieve plaintiff of liability. It was incumbent upon plaintiff, by whom the machine was installed, and to whom the place where and the purpose for which defendant bought it were known, to ascertain, before installing the machine, whether it would properly operate upon the electrical voltage furnished in such building. This plaintiff did not do. Defendant purchased the machine in reliance upon plaintiff's assurance that it would work properly in his office, and keep at least one room cool. Therefore the implied warranty was for the particular purpose. Ranson v. Robinson Packer Co., 120 Okla. 17, 250 P. 119.

It is clear that the machine failed to properly function.

Affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, and DAVISON, JJ., concur. GIBSON and ARNOLD, JJ., absent.